COX v. KROGER CO. et al.

Civil Action No. 1709.

United States District Court
E. D. Illinois.

Feb. 7, 1949.

Harry Flanders, of Eldorado, Ill., and D. L. Duty, of Marion, Ill., for plaintiff.

Combe & Twente, of Harrisburg, Ill., for defendants.

WHAM, District Judge.

This case is now before the court on defendants' motions to dismiss Counts V through VIII of the complaint on the ground that they fail to state a charge of willful and wanton misconduct, and on the briefs of counsel in support of and in opposition to said motions. There is an alternative motion to strike each paragraph which purports to set forth the alleged willful and wanton conduct for same reasons. Counts V through VIII are essentially the same except that Counts V and VI are directed against the defendant The Kroger Co., and Counts VII and VIII are directed against the defendant Charles Johns. Counts V and VII seek recovery for personal injuries allegedly sustained by the plaintiff and Counts VI and VIII seek recovery for damages allegedly caused plaintiff's automobile. Count V may therefore be used as an example of all the above counts. For the first four paragraphs, this count repeats and realleges the first four paragraphs of Count I of the complaint, which, in substance, allege that at about 5:30 o'clock in the evening of December 31, 1947, plaintiff, while in the exercise of due care and caution for his own safety, was driving his Chevrolet automobile over a certain highway, pushing another disabled automobile; that his Chevrolet automobile became disabled and would not run; that plaintiff alighted from the car, and walked up the highway in a northerly direction carrying a lighted flashlight to warn oncoming traffic of the disabled automobiles on the highway; that plaintiff successfully signalled and diverted a number of other cars; that while plaintiff was so stationed on the highway signalling with said flashlight, he was struck by an automobile of the defendant The Kroger Co., which was then being operated by its servant and agent, the defendant Johns. Count V then proceeds as follows:

"5. Said striking and injuring of the plaintiff was directly caused by one or more of the following wilful and wanton acts or omissions to act on the part of the defendant, The Kroger Co., a corporation, by and through its agent and servant, Charles Johns.

"(a) Defendant, The Kroger Co., a corporation by and through its agent and servant, Charles Johns, wilfully and wantonly, with an utter disregard for the safety of others rightfully upon said highway, drove said Chevrolet Coupe upon said highway at

a high and inordinately excessive rate of speed in view of the conditions of visibility and the condition of the way.

"(b) Defendant, The Kroger Co., a corporation, by and through its agent and servant, Charles Johns, wilfully and wantonly failed to attempt to stop said Chevrolet Coupe or to avoid striking the said plaintiff.

"(c) Defendant, The Kroger Co., a corporation, by and through its agent and servant Charles Johns, wilfully and wantonly and with a complete disregard for the rights of others rightfully upon said highway, drove said Chevrolet Coupe upon said highway, as aforesaid, knowing that said Chevrolet Coupe was equipped with brakes inadequate to stop and hold the same.

"(d) Defendant, The Kroger Co., a corporation, by and through its agent and servant, Charles Johns, wilfully and wantonly drove said Chevrolet Coupe upon said highway as aforesaid, knowing said Chevrolet Coupe was equipped with defective lights incapable of throwing a light visible for 500 feet and incapable of illuminating the highway for a reasonable distance in front of said Chevrolet Coupe.

"(e) Defendant, The Kroger Co., a corporation, by and through its agent and servant, Charles Johns, wilfully and wantonly drove said Chevrolet Coupe upon said highway, knowing that the windshield was dirty, and non-transparent hampering visibility and making it unsafe to drive said Chevrolet Coupe.

"6. That as a direct result of one or more of said reckless, wilful and wanton acts or omissions to act upon the part of the defendant, The Kroger Company, a corporation, the plaintiff was severely injured suffering among other things * * *"

■ While the above count alleges that the acts of the defendants were willful and wanton, it does not allege that the injury was willfully and wantonly inflicted. That there is a distinction appears from the following language in Harris v. Piggly Wiggly Stores, Inc., 236 Ill.App. 392:

"Where the facts alleged do not show that it was the intention of the defendant to inflict an injury, the characterization of the act as willful will not make the complaint good as charging willful negligence. It has been generally held that willful injury is not charged by allegations that the act was committed recklessly, wantonly, purposely, wrongfully or unlawfully."

To the same effect, see Burns v. Chicago & Alton Railroad Co., 229 Ill.App. 170, at page 185.

■ The conduct which may be classified as willful and wanton is set forth in Bezemek v. Panico, 301 Ill.App. 408, at page 413, 23 N.E.2d 216, as follows: (1) The infliction of an intentional injury; (2) the failure to exercise ordinary care when a known and extraordinary danger is imminent; (3) where a defendant, through recklessness, regardless of the danger to another, has carelessly failed to discover an extraordinary and impending danger which would have been discovered by the exercise of ordinary care; (4) carelessness so gross in its nature as to indicate a mind reckless and regardless of the consequences.

■ The distinction between ordinary negligence and willful and wanton misconduct resulting in recoverable damages under the substantive law of Illinois which governs in this case is well understood. The procedural requisites, including the sufficiency of the complaint, in this court are governed by the Federal Rules of Civil Procedure, rule 8, 28 U.S.C.A. These rules in the interest of conciseness, brevity and simplicity require only such detail in the complaint as may be necessary to state a claim upon which the pleader is entitled to relief. The reasonable use of conclusions of fact is not outlawed, if entire complaint including the conclusions is sufficient to state a claim upon which the pleader is entitled to relief and at the same time put the defendant on notice of the precise nature of the claim. Macleod v. Cohen-Erichs Corp., D.C., 28 F.Supp. 103; Holtzoff's New Federal Procedure and the Courts, p. 25.

■ Though it will be necessary in the trial of the case for plaintiff to bring each charge of willful and wanton misconduct allegedly resulting in actionable injury to

plaintiff fully within the requirements of the substantive law of Illinois, at least inferentially, before a jury question is made out as to it, I am not inclined to agree with counsel for defendants that the complaint, tested by the requirements of the Federal Rules of Civil Procedure must fully spell out by definite verbiage each element of a willful and wanton injury if the missing element or elements naturally follow or may reasonably be inferred from the facts that are alleged in the complaint. It seems to me that a charge of utter disregard of the rights of other known users of the highway including plaintiff constituting willful and wanton injury is clearly inferable from the charge of willful and wanton misconduct of defendant Charles Johns, who was defendant Kroger's servant, of the nature alleged under the circumstances alleged in said counts.

Defendants' motions to dismiss and their alternative motions to strike are overruled. Order accordingly.