Thomas L. JENKINS

v.

UNITED GAS CORPORATION and P. G. Matthews, its area manager.

Civ. No. 5152.

United States District Court
E. D. Texas,
Beaumont Division.

Dec. 22, 1966.

Elmo R. Willard, III, Beaumont, Tex., for plaintiff.

Quentin Keith, Keith, Mehaffy & Weber, Beaumont, Tex., for defendant.

## MEMORANDUM OPINION

FISHER, District Judge.

This is a suit by the plaintiff, a Negro employee of the defendant, for an injunction against the defendant, alleging violation of Title VII of the Civil Rights Act of 1964, Title 42, U.S.C. § 2000(e), et seq. The plaintiff contends that he was subjected to discrimination and denied promotions in his employment solely because of his race. The plaintiff brings the suit for himself individually, and as a class suit under the provisions of Rule 23(a) (3), F.R.Civ.P., on behalf of others similarly situated.

Now before the Court is defendant's Motion to Dismiss in which the defendant states that the plaintiff has been promoted, subsequent to the filing of this suit, from "Serviceman's Helper" to "Serviceman", under the promotional policy of defendant, which policy is based on the seniority of the employee and other qualifications, without regard to race or color. The defendant suggests that the plaintiff's cause of action is now moot, due to his promotion.

The plaintiff has filed a motion in opposition maintaining that his cause of action is not moot, that he is not protect-

ed from racial discrimination in the future, and that he is entitled to back wages from the date of the refusal of the promotion in 1965 until his promotion. The plaintiff further maintains that the cause of action is not moot in regard to persons other than the plaintiff, in the class he represents, i. e., other Negro employees of the defendant.

According to the enforcement provisions of the statute, 42 U.S.C. § 2000e–5, the Equal Employment Opportunity Commission shall make a determination and attempt to persuade the employer to cease his discriminatory practices. Section 2000e–5(e) provides:

"If within thirty days after a charge is filed with the Commission * * * the Commission has been unable to obtain voluntary compliance with this subchapter, the Commission shall so notify the person aggrieved and a civil action may, within thirty days thereafter, be brought against the respondent named in the charge (1) by the person claiming to be aggrieved * *."

This is what has occurred in the instant case.

It must now be determined, (1) whether or not the plaintiff's cause of action is moot since the plaintiff received a promotion subsequent to the filing of his suit in this court, and (2) if the plaintiff's cause of action is moot, does his suit as a class action nevertheless survive for the benefit of all others in his class?

As to the question of mootness, the plaintiff argues that he has "standing" in this court since he was being denied a promotion at the time the suit was filed, and also that his future with the defendant may again be hampered by discrimination unless an injunction issues. The statute, 42 U.S.C.A. § 2000e— 5(g) provides:

"If the court finds that the respondent has intentionally engaged in or is intentionally engaging in an unlawful employment practice charged in the complaint, the court may enjoin the respondent from engaging in such unlawful employment practice, and order

such affirmative action as may be appropriate, which may include reinstatement or hiring of employees, with or without back pay * * *."

Comparing the above quoted section with the section describing the purpose of the Equal Employment Opportunity Commission as being to obtain "voluntary compliance" with the statute, it follows that the remedy of the plaintiff is to be freed from the discriminatory practices to which he is subjected. When the discrimination, if any there was, is ended voluntarily by the defendant, either before or subsequent to the filing of a suit in court, then the cause of action, as to the plaintiff individually, becomes moot.

As to the issue of a class suit brought by the plaintiff for the benefit of all others similarly situated in his class, under Rule 23(a) (3) F.R.Civ.P., it seems that these actions will be allowed in some cases. Potts v. Flax, 313 F.2d 284 (5th Cir. 1963). Plaintiff relies principally on the case of Hall v. Werthan Bag Corporation, 251 F.Supp. 184 (M.D.Tenn. 1966), as an illustration of a class action being permitted in an employee discrimination suit. In the *Hall* case, the court allowed Ray Tate to intervene as a plaintiff in an action brought under the same section of the statute as the instant case. The court allowed him to intervene on the basis that it was a class suit for the benefit of "all other Negroes who are similarly situated."

The above cited case is distinguishable from the instant case in that here no other plaintiff has moved to intervene or appeared seeking any relief, nor has it been indicated to the court the size of the class the plaintiff represents. Furthermore, under Rule 23(a) (3), a class suit may be allowed if "there is a common question of law or fact affecting the several rights and a common relief is sought." In the instant case, this court is of the opinion that no common question of fact exists as to all Negro employees of the defendant, since different circumstances surround their

different jobs and qualifications in the structure of the corporation. This may be distinguished from a school desegration class suit wherein all the Negroes would be in a common fact situation of being prohibited from attending the school.

This court is of the opinion, therefore, that the plaintiff's individual cause of action is now moot due to his promotion, and that the cause of action as a class suit is not proper. The defendant's Motion to Dismiss is granted.