**Earline EDWARDS, Plaintiff,**

v.

**NORTH AMERICAN ROCKWELL CORP., Defendant.**

No. 68-87.

United States District Court
C. D. California.

Aug. 9, 1968.

Monroe E. Price, Beverly Hills, Cal., for plaintiff.

Stephen E. Tallent, Los Angeles, Cal., Gibson, Dunn & Crutcher, Los Angeles, Cal., of counsel, for defendant North American Rockwell Corp.

Russell Specter, Senior Atty. for Equal Employment Opportunity Commission, Washington, D. C., as amicus curiae.

### DECISION, FINDINGS OF FACT, CONCLUSIONS OF LAW, and ORDER FOR DISMISSAL

HAUK, District Judge.

Plaintiff filed a Complaint in this Court against her employer, the defendant, alleging a violation of Title VII of the Civil Rights Act of 1964[1] and seeking assignment to a job classification in accordance with skill and seniority, money damages, attorneys fees, costs, and injunctive relief as a result of alleged unlawful employment practices on the part of defendant.

---

1. 42 U.S.C. § 2000e et seq.

Defendant filed a Motion to Dismiss pursuant to Rule 12(b) (1),[2] 12(b) (6)[3] and 8(a)(2)[4] of the Federal Rules of Civil Procedure on the ground that the Court lacks jurisdiction over subject matter of the Complaint and that plaintiff failed to state a claim upon which relief can be granted.

Defendant filed a Memorandum of Points and Authorities and Affidavits in support of its Motion to Dismiss. Plaintiff filed Points and Authorities. The Equal Employment Opportunity Commission filed a Brief as amicus curiae.

The jurisdiction of this Court was asserted pursuant to Section 706(f) to Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e–5(f).[5]

The facts as set forth in the Complaint, defendant's Memorandum of Points and Authorities and Exhibits thereto, defendant's Affidavits, plaintiff's Points and Authorities and as admitted by plaintiff in oral argument are now recited.

Plaintiff is an employee of defendant covered by a collective bargaining agreement between defendant and the International Union, United Automobile, Aerospace & Agricultural Implement Workers of America (hereinafter "UAW") which governs the wages, hours of employment and other conditions of employment. During the summer of 1967, plaintiff was transferred from defendant's Downey facility to its Seal Beach facility. Thereafter, in early July of 1967, plaintiff was suspended

---

**2.** Fed.R.Civ.P. 12(b) (1) and (6):
"Rule 12.
DEFENSES AND OBJECTIONS— WHEN AND HOW PRESENTED— BY PLEADING OR MOTION—MOTION FOR JUDGMENT ON THE PLEADINGS

\* \* \* \* \*

(b) *How Presented.* Every defense, in law or fact, to a claim for relief in any pleading, whether a claim, counterclaim, cross-claim, or third-party claim, shall be asserted in the responsive pleading thereto if one is required, except that the following defenses may at the option of the pleader be made by motion: (1) lack of jurisdiction over the subject matter, \* \* \* (6) failure to state a claim upon which relief can be granted, \* \* \*. If, on a motion asserting the defense numbered (6) to dismiss for failure of the pleading to state a claim upon which relief can be granted, matters outside the pleading are presented to and not excluded by the court, the motion shall be treated as one for summary judgment and disposed of as provided in Rule 56, and all parties shall be given reasonable opportunity to present all material made pertinent to such a motion by Rule 56." As amended Feb. 28, 1966, eff. July 1, 1966.

**3.** Ibid.

**4.** Fed.R.Civ.P. 8(a) (2):
"Rule 8.
GENERAL RULES OF PLEADING
(a) *Claims for Relief.* A pleading

which sets forth a claim for relief, whether an original claim, counter-claim, or third-party claim, shall contain \* \* \* (2) a short and plain statement of the claim showing that the pleader is entitled to relief \* \* \*."

**5.** 42 United States Code § 2000e–5(f):
" § 2000e–5. *Enforcement provisions —Jurisdiction and venue of United States courts*

(f) Each United States district court and each United States court of a place subject to the jurisdiction of the United States shall have jurisdiction of actions brought under this subchapter. Such an action may be brought in any judicial district in the State in which the unlawful employment practice is alleged to have been committed, in the judicial district in which the employment records relevant to such practice are maintained and administered, or in the judicial district in which the plaintiff would have worked but for the alleged unlawful employment practice, but if the respondent is not found within any such district, such an action may be brought within the judicial district in which the respondent has his principal office. For purposes of sections 1404 and 1406 of Title 28, the judicial district in which the respondent has his principal office shall in all cases be considered a district in which the action might have been brought."

for twenty-seven working hours pending an investigation of the suitability of the working conditions at the Seal Beach facility concerning which plaintiff had complained. Plaintiff filed a grievance under Article IX of the Collective Bargaining Agreement as a result of said suspension.

On July 10, 1967, plaintiff filed a Charge with the Equal Employment Opportunity Commission (hereinafter "EEOC") dated July 7, 1967 alleging a violation of Title VII of the Civil Rights Act of 1964. The Charge specified on its face that the alleged discrimination was based upon *race* (a matter subject to initial mandatory utilization of the California Fair Employment Practice Commission machinery under Section 706(b) of the Act[6]) and *sex*; that plaintiff had filed the Charge in question with a state or local government agency (in this instance with the California Fair Employment. Practice Commission); and that the alleged discrimination in question had been continuous from June through July 7, 1967. Plaintiff had not filed with the California Fair Employment Practice Commission (hereafter "Cal FEPC").

The Charge disclosed two basic material allegations. Plaintiff alleged that the company violated "Article XI, pg. 55" of the Collective Bargaining Agreement by transferring her from the Downey to the Seal Beach facility of the defendant's Space Division without giving her the option of taking a layoff rather than accepting the transfer. Plaintiff further alleged that she was suspended by the company. This suspension was allegedly discriminatory for a number of reasons: the entire Seal Beach facility was unsafe (ventilation, lighting, climbing devices and a "50 ton overhead risk"); one member of supervision implied a "criminal intent" and sought to intimidate and coerce her into working under unsafe working conditions; the company demonstrated an "unwillingness to accept women" by requiring women to perform climbing duties while permitting males to perform floor work; and the company violated the Collective Bargaining Agreement by suspending plaintiff while the suitability of the working conditions at the Seal Beach facility were being investigated.

On September 17, 1968, plaintiff was transferred back to the Downey facility, remaining in the same job classification which she had held throughout the entire period referred to in her Charge.

Plaintiff filed a grievance under Article IX of the Collective Bargaining Agreement as a result of her suspension in July of 1967. The grievance was settled on the basis that plaintiff would receive full payment at her straight-time rate for the period she spent on suspension. Plaintiff did receive and cash the check representing the amount of the grievance settlement.

Plaintiff was notified on January 15, 1968 that more than 60 days had elapsed since the filing of her Charge. The EEOC at no time made a determination that reasonable cause existed to believe that plaintiff's Charge was true nor did it attempt conciliation. The present action was filed on January 19, 1968.

The Complaint filed by plaintiff in this Court alleged that on or about July 7, 1967 a cluster of events involving plaintiff's transfer, the assignment of dangerous work, supervisory harassment and other matters leading to plaintiff's suspension occurred solely because of plaintiff's race and sex. The Complaint went on to allege that events occurring after the filing of the Charge (and plaintiff's transfer back to the Downey facility) involving dangerous, medically unsound, unsuitable job sites and classifications and resultant physical damage to plaintiff's eyes and intestinal system intensified defendant's discriminatory conduct and flowed from the discriminatory acts of defendant.

Based upon these facts, defendant moved this Court, pursuant to Rules 12 (b)(1), 12(b)(6) and 8(a)(2) of the

---

6. See text page 205, infra.

Federal Rules of Civil Procedure, to dismiss the Complaint on the ground that the Court lacked jurisdiction over the subject matter and that plaintiff failed to state a claim upon which relief can be granted.[7]

The Court has examined the entire record which includes, among other things, plaintiff's Complaint, the Memorandum of Points and Authorities and Exhibits thereto and the Affidavits submitted by defendant, the Points and Authorities submitted by plaintiff, and the Brief submitted by the EEOC. The matter has been extensively argued by counsel, in writing and orally. The Court has reviewed all of this material and concludes that defendant is entitled to have its Motion to Dismiss sustained on five grounds and not sustained on one additional ground.

Now having heard the arguments and having examined all the filed documents and records herein, and the Court being fully advised in the premises, the Court renders its Decision.

### DECISION

*This Court Lacks Subject Matter Jurisdiction Of The Allegations of Paragraphs V and VI of the Complaint Which Were Not Made the Subject of a Charge to the Equal Employment Opportunity Commission.*

The Charge was purportedly filed with the EEOC on July 10, 1967. Plaintiff was transferred back to Department 071 at Downey facility on September 17, 1967. All of the allegations contained in Paragraphs V and VI of plaintiff's Complaint here in Court refer to alleged action of the company subsequent to plaintiff's transfer back to the Downey facility with the exception of the phrase "including the period of suspension" which is a repetition of the material appearing in Paragraph IV of the Complaint. The allegations contained in Paragraphs V and VI of the Complaint were not and could not have been included in plaintiff's Charge to the EEOC.

Section 706(a) [8] and the EEOC's own Rules and Regulations,[9] require that any charge filed with the EEOC set forth the facts upon which it is based. Any allegations in the Complaint referring to matters occurring after the filing of a charge must necessarily be considered as allegations concerning which no charge has been filed for purposes of this Court's subject matter jurisdiction.

■ The primary purpose in setting up the EEOC was to establish a method of eliminating unlawful employment practices, where actually found to exist, through conference, conciliation, and persuasion without the necessity of instituting civil actions. In Stebbins v. Nationwide Mutual Insurance Company, 382 F.2d 267 (4th Cir. 1967), cert. den., 390 U.S. 910, 88 S.Ct. 836, 19 L.Ed.2d 880 (1968), the plaintiff filed a charge with the EEOC on February 15, 1966. The charge was referred to the Maryland Commission on Interracial Problems and Relations. This state agency dismissed the charges on May 23, 1966. On July 22, the EEOC was advised of the state agency's action and on August 8 the EEOC requested the plaintiff in a letter to contact them by telephone. Plaintiff failed to contact the EEOC and on July 21, 1967 filed suit in the District Court of Maryland. The Fourth Circuit Court of Appeals affirmed the District Court's summary judgment, stating:

"Having reviewed the legislative history of the Act, as well as its language, we agree with the District Judge that the plaintiff could not bypass the federal agency and apply directly to the courts for relief. Congress established comprehensive and detailed procedures to afford the EEOC the *opportunity* to attempt by administrative action to conciliate and mediate unlawful employment practices with a view to obtaining voluntary compliance. The plaintiff must

---

7. See Footnotes 2 and 4, supra.

8. See text page 205, infra.

9. 29 C.F.R. § 1601.11.

therefore seek his administrative remedies before instituting court action against the alleged discriminator." 382 F.2d at 268.

To permit the commencement of a civil action based upon allegations other than those contained in the Charge would permit an individual to bypass the specific procedure contemplated by the Act. The EEOC cannot investigate allegations which have not been filed in a writing under oath under Section 706(a). The EEOC cannot attempt to obtain voluntary compliance of an unknown claim under Section 706(a). The EEOC and the employer cannot conciliate unknown claims.

Where, as here, an attempt is made to include in the Complaint allegations other than those contained in the Charge filed with the EEOC, the action must be treated as one brought without previous resort to the EEOC. In this situation the courts have uniformly dismissed the complaint. In Mickel v. South Carolina State Employment Service, 377 F.2d 239 (4th Cir.), cert. den. 389 U.S. 877, 88 S.Ct. 177, 19 L.Ed.2d 166 (1967), the court affirmed the lower court's summary judgment, stating:

"Plaintiff, Mickel, filed no charge with the Commission against Exide and thus failed to avail herself of the services of the Commission in an endeavor to effect, through 'conference, conciliation and persuasion,' the elimination by Exide of any alleged unlawful employment practices. She thus failed to satisfy the statutory requirements prior to the institution of her civil action * * *." 377 F.2d at 242.

Again in Mondy v. Crown Zellerbach Corp., 271 F.Supp. 258 (E.D.La. 1967), the court stated:

"There are three named co-plaintiffs with Anthony Hill in Civil Action No. 67–286. But these plaintiffs, John Martin Oatis, David Johnson, Sr., and R. T. Young, have not filed charges with the Equal Employment Opportunity Commission. Defendants urge that they be dismissed from this suit because of their failure to resort to the E.E.O.C. before coming into court.

"The Court agrees with the defendants' contention. 42 U.S.C.A. § 2000e–5(e) clearly states that an aggrieved party may bring suit after having filed a charge with the Commission and receiving the statutory notice from that body. If the creation of the E.E.O.C. has any significance at all, an aggrieved party wishing to obtain relief under Title VII cannot be permitted to completely bypass the Commission. Title VII is entirely constructed around the creation of the E.E.O.C., and a decision that the Commission can be ignored by a person proceeding under this Title would be a complete distortion of the law. Therefore, Oatis, Johnson, and Young cannot be allowed to continue in this suit as plaintiffs." 271 F.Supp. at 264.

Accord: Barrister v. Steinberg, 56 L.C. ¶ 9071 (S.D.N.Y.1967). Thus, if the plaintiff files a timely charge with the EEOC alleging Act A, but then files a complaint with the Federal Court alleging Act C, an entirely different alleged unlawful employment practice, the court does not have jurisdiction over the subject matter of the complaint because the plaintiff has attempted to bypass the statutory scheme established to resolve by other than court action, if possible, the alleged unlawful employment practice.

■ As to the allegations not contained in plaintiff's Charge, no charge has been timely filed with the EEOC and a civil action based thereon is unavailable. The General Counsel of the EEOC has issued an interpretive opinion letter stating:

"An individual may not file suit in a Federal District Court under Section 706(e) through (g) of Title VII where he had *not timely filed a charge* with the Equal Employment Opportunity Commission." (Emphasis added.) EEOC Opin.Ltr. 4/19/66.

The court in Bowe v. Colgate-Palmolive Company, 272 F.Supp. 332 (S.D.Ind. 1967), stated:

> "[T]he Court is convinced that no action for damages or reinstatement under the Act can be maintained by those employees of defendant who *failed to file timely charges* with the EEOC, * * *." (Emphasis added.) 272 F.Supp. at 338.

Accord: Electrical Workers (IBEW) Local 5 v. E.E.O.C., 283 F.Supp. 769 (W.D.Pa.1967).

Where, as here, allegations in the Complaint have not been made the subject of a Charge (timely or otherwise) to the EEOC, it is clear from the case and EEOC authority that a civil action based upon such allegations cannot be maintained.

In the present action, an attempt has been made by plaintiff in Paragraphs V and VI and VII of her Complaint to assert a cause of action and enforce a right arising solely under Title VII of the Civil Rights Act of 1964 while at the same time completely ignoring the requirements of the Act creating that cause of action and that right. The plaintiff cannot be permitted to invoke the special jurisdiction of this Court created by Title VII and at the same time present allegations for this Court's consideration which either have not been or could not be made the subject of a proceeding under the Act. Where rights asserted in a court are statutory in nature, compliance with the statute in question is a prerequisite to the commencement of a civil action based thereon.[10]

> *This Court Does Not Have Subject Matter Jurisdiction of the Racial Discrimination Allegations of the Complaint Since Plaintiff at no Time Filed a Valid Charge With the Equal Employment Opportunity Commission as to Race.*

The basic requirements for the filing of a charge with the EEOC are set forth in Section 706(a)-(d) of the Act. Initially Section 706(a) provides in relevant part:

> "Whenever it is charged in writing under oath by a person claiming to be aggrieved * * * (and such charge sets forth the facts upon which it is based) that an employer * * * has engaged in an unlawful employment practice, the Commission shall furnish such employer * * * with a copy of such charge and shall make an investigation of such charge, * * *" 42 U.S.C. § 2000e–5(a).

Thus, there is a basic requirement that the EEOC be furnished with a writing under oath which sets forth the facts upon which the aggrieved individual is basing her claim that an unlawful employment practice has occurred. However, even though the Charge complies with the requirements of Section 706(a), the EEOC cannot accept the charge for filing or assume jurisdiction of that charge except under certain circumstances.

Section 706(b) specifically prohibits the EEOC from accepting jurisdiction of a charge under the following circumstances:

> "In the case of an alleged unlawful employment practice occurring in a State, or political subdivision of a State, which has a State or local law prohibiting the unlawful employment practice alleged and establishing or authorizing a State or local authority to grant or seek relief from such practice or to institute criminal proceedings with respect thereto upon receiving notice thereof, *no* charge may be filed under subsection (a) of this section by the person aggrieved before the expiration of sixty days after proceedings have been commenced under the State or local law, unless such proceedings have been

---

10. See e. g.: Coleman v. Brotherhood of Railway & Steamship Clerks, etc., 340 F.2d 206, 208–209 (2d Cir. 1965); Scott v. Railroad Retirement Board, 227 F.2d 684 (7th Cir. 1955); International Brotherhood of Teamsters, etc. v. Hoffa, 242 F.Supp. 246, 249 (D.D.C. 1965).

earlier terminated * * *" (Emphasis added.) 42 U.S.C. § 2000e–5 (b).

Therefore where the discrimination alleged by the person claiming to be aggrieved is of a nature which the relevant state law prohibits, Section 706(b) provides for *mandatory utilization* of the state law machinery for a certain minimum period of time before a charge may be filed with the EEOC. This is emphasized in Section 1601.12 of the Rules and Regulations adopted by the EEOC which provides:

> "In any instance in which an aggrieved person seeks to file a charge and it appears from the charge or from other information that the aggrieved person has not begun proceedings before a State or local authority pursuant to section 706(b) of Title VII, the Commission may not accept the Charge for filing, but shall assist the aggrieved person in complying with section 706(b)." 29 C.F.R. § 1601.12.

This procedure was noted by the court in Electrical Workers (IBEW) Local 5 v. E. E. O. C., 283 F.Supp. 769 (W.D.Pa. 1967).

> "On August 25, 1965, the Commission received a sworn statement from Carl to the effect that on July 28, 1965, (although the date of the alleged act of discrimination has been fixed as July 21, 1965) he was discriminated against as a negro. On September 3,

1965, *in view of Section 706(b) of the Act, which prohibits the filing of such a charge with the commission until sixty (60) days after appropriate state proceedings have been commenced,* the Commission forwarded this communication to the Pennsylvania Human Relations Commission. Carl's statement was then reduced to a formal complaint and filed with the Pennsylvania Human Relations Commission on September 10, 1965. * * *" (Emphasis added.) 283 F.Supp. at p. 770.

California has adopted the Fair Employment Practice Act (hereinafter "FEPA").[11] Section 1412 of the FEPA provides:

> "The opportunity to seek, obtain and hold employment without discrimination because of *race,* religious creed, color, national origin or ancestry is hereby recognized and declared to be a civil right." (Emphasis added.) Cal.Labor Code, § 1412.

California adopted the FEPA in 1959 and proceedings may be commenced by an individual believing herself to be aggrieved by the filing of a verified complaint in writing.[12] The EEOC has recognized the FEPA as a state law which requires deferral under Section 706(b).[13] This deferral requirement has also been recognized in two General Counsel Opinions and in an EEOC Decision.[14]

---

11. Cal.Labor Code §§ 1410–1432.

12. Cal.Labor Code, § 1422.

13. Memorandum of Understanding, CCH Employment Practices ¶ 16,905.

14. General Counsel Opinion 1/18/65 and 12/2/65; EEOC Decision 12/3/65:
    "Where an unlawful employment practice is committed in a state to whose FEP agency the Commission is required to defer, *Section 706(b) requires that a charge by the person aggrieved be filed first with the state agency.* If he thereafter wishes the Commission to assert jurisdiction, he may file his charge with the Commission at any time

after 60 days (120 days during the first year in which the state law is effective) from the date the state proceeding was commenced or earlier if such proceeding has been earlier terminated, but the charge must be filed not later than 210 days after the alleged unlawful practice occurred or within 30 days of receipt of notice of the termination of the state proceeding, whichever is earlier.

"Where a charge is filed with the Commission *alleging the commission of an unlawful employment practice in a state or locality to whose FEP agency the Commission is required to defer,*

Plaintiff's Charge was shown as received for filing on July 10, 1967 by the EEOC.

The allegations of plaintiff's Charge and Complaint alleged discrimination based upon race and sex. Although plaintiff's Charge to the EEOC indicates that the allegations contained in that Charge were previously filed with a state or local government agency, this assertion appears to be incorrect. The affidavit of Mr. Lawrence Lucks, Area Supervisor of the Cal FEPC, establishes that plaintiff has at no time filed a complaint with the Cal FEPC.

Since both the Complaint and the Charge alleged discrimination based upon race and sex and the California FEPA does not contain any provision relating to sex discrimination, we must analyze the mandatory requirements for utilization of state law contained in Section 706(b) of the Civil Rights Act. These mandatory requirements of Section 706(b), quoted supra, are quite clear and explicit and preclude the EEOC from accepting a Charge for filing where the allegations contained in that Charge are subject to state or local governmental agency action and no such action has been commenced by the charging party. The legislative history of Title VII makes it abundantly clear that Title VII is a compromise measure and that its enactment depended specifically upon the retention by states of the initial processing of any allegations relating to areas of unequal treatment concerning which the state had enacted corrective legislation. Congress specifically made initial recourse to state law a jurisdictional prerequisite to the EEOC's authority to accept a charge for filing under the Act. Under a clear statutory and Congressional mandate of this nature, an individual who believes that an unlawful employment practice has been committed and that the practice was based both on race and on sex discrimination must file a complaint with the Cal FEPC in connection with the race issue before that issue can be made the subject of a charge with the EEOC. This requirement in no way prejudices the charging party's rights under Title VII. The alternatives open to such an individual are quite clear.

First, the individual could elect to file a charge immediately with the EEOC based solely upon sex, thus avoiding any requirement to utilize state law. If discrimination based upon sex is established, the relief accorded to the charging party would be in no way different from the relief available through proved allegations of discrimination based upon race, color, religious creed or national origin.

Second, the charging party could file immediately with the EEOC alleging sex discrimination and at the same time file identical charges with the Cal FEPC alleging discrimination based upon race. After the expiration of sixty days, unless the state proceedings were earlier terminated, from the commencement of the Cal FEPC proceeding, the charging party could under Section 706(b) file a second Charge with the EEOC alleging facts identical to those set forth in the first Charge but basing the allegations in the second Charge upon race. This procedure would assure the charging party of full consideration by the EEOC of both the sex and race questions.

Third, the charging party could file immediately with the Cal FEPC upon the race issue and then wait sixty days, unless the state proceedings were earlier terminated, and at that time file a single charge with the EEOC alleging discrimination based both upon race and upon sex.

the Commission will refer that charge to the appropriate state or local agency. Sixty days after the commencement of such state or local proceedings (or 120 days in appropriate cases), the Commission will notify the charging party that the 60-day (or 120-day) period has ex-

pired and inquire whether or not he wishes the Commission to assert jurisdiction. If the charging party responds affirmatively, the Commission will proceed with its investigation." (Emphasis added)

Three possible methods of proceeding in accordance with the requirements of Section 706(b) of the Act have been outlined above. Plaintiff in the present action did not elect to proceed in accordance with any of these available methods. Rather, plaintiff ignored the mandatory utilization of state law requirements of Section 706(b) and went immediately to the EEOC. Under these circumstances, the EEOC could not accept for filing allegations relating to alleged discrimination based solely upon race. Since the EEOC at no time acquired subject matter jurisdiction of these allegations, this Court is without subject matter jurisdiction to consider them. See, e. g. Mickel v. South Carolina State Employment Service, supra, 377 F.2d 259, 242 (no charge, no jurisdiction); Mondy v. Crown Zellerbach Corp., supra, 271 F.Supp. 258, 264 (no charge, no jurisdiction); Barrister v. Steinberg, supra, 56 L.C. ¶ 9071 (no charge, no jurisdiction); General Counsel Opinion letter, supra, 4/17/66 (timely filing of charge prerequisite to civil action); Bowe v. Colgate Palmolive Company, supra, 272 F.Supp. 332, 338 (timely filing required) Electrical Workers (IBEW) Local 5 v. E. E. O. C., supra, 283 F.Supp. 769 (timely filing required).

Having examined the two separate alleged unlawful employment practices referred to in the Charge and the Complaint, it must be concluded that the EEOC and thus also this Court both lack subject matter jurisdiction of all the allegations contained in the Complaint based upon race discrimination.

*This Court Lacks Jurisdiction of the Allegations in Plaintiff's Complaint Relating to Her Suspension Because She Made a Binding Election of Remedies in Accepting the Grievance Procedure Settlement Under the Collective Bargaining Agreement.*

At the time of plaintiff's suspension in July of 1967, she had two forums for redress for any allegedly improper conduct open to her: First, legislatively established procedures provided by the Cal FEPC under the California Labor Code,[15] Sections 1410 to 1432, and the EEOC under Title VII of the Civil Rights Act of 1964; and second the grievance procedures established by the collective bargaining agreement under which she worked. Plaintiff pursued both the legislative and the private remedial procedures.

The Article IX grievance filed by plaintiff was settled on September 7, 1967 on the basis that plaintiff was to receive her straight time pay for the full 27 hours of work lost as a result of the suspension. Payment of the amount in question was authorized and plaintiff received and cashed the check representing the settlement under the grievance procedure. Plaintiff made a binding election of forums and remedies by accepting and cashing the check representing the settlement of her Article IX grievance.

The court in Bowe v. Colgate-Palmolive Company, 272 F.Supp. 332, (S.D.Ind. 1967) concluded that a binding election is made by simply initiating the grievance machinery under a collective bargaining contract. In determining that a Title VII action was no longer available under these circumstances, the court stated:

"It is the belief of the Court that an employee has the right to come before the Court and assert his claim under the Civil Rights Act of 1964, without regard to any contractual remedies also available to him. However, it is also the belief of the Court that the employee should not be permitted to proceed on the same allegedly wrongful incidents both in the Court and pursuant to his contractual remedies.

\*　　\*　　\*　　\*　　\*　　\*

"It was and is the Court's view and conclusion that the plaintiffs, whether named or in the class, should not and may not have two different opportunities in two different appropriate forums for presentation and litigation of their claims. It would be inequitable and unconscionable to subject the de-

15. See Footnote 11, supra.

fendant Colgate to two series of extensive litigation, one series in this Court and then another series under the labor contract. * * *" 272 F.Supp. at 337–338, 366–367.

Here, the plaintiff has pursued her contractual remedy to its conclusion, has accepted the settlement reached in that proceeding, and, therefore, must be considered to have made a binding election.

This Court in Washington v. Aerojet-General Corporation, 282 F.Supp. 517, (C.D.Cal.1968), in a case quite analogous to the present suit, dismissed the Title VII Civil Rights Act action on alternative grounds. One of those grounds was that the plaintiff by pursuing the grievance procedure to its completion and accepting the settlement made a binding election which precluded the maintaining of an action under Title VII. In reaching this conclusion, this Court stated:

> "Initially he may pursue his remedies in both forums but at some point a choice must be made. This point, as in the case of concurrent jurisdiction between State and Federal courts, is reached when a litigant has pursued his remedies in one forum to decision, be it by settlement, the decision of an arbitrator, or the decision of a judge. Such a rule is not only consonant with that applied in an analogous area, but also will contribute to the expeditious resolution of disputes in the equal employment area and promote the sound and equitable administration of justice by precluding an aggrieved party

from subjecting a defendant to multiple actions based upon the same claim." 282 F.Supp. at 523.

It is impossible to determine from plaintiff's Complaint what allegations relate to the suspension question and are thereby subject to dismissal. It is clear from the Charge, however, that plaintiff alleges she was suspended pending "a state investigation or NAA's [North American Aviation] failure to provide suitable working conditions". All of the allegations in Paragraph IV of the Complaint with the exception of plaintiff's transfer to the Seal Beach facility involve matters which form a part of the discriminatory suspension allegations in the Charge. Under these circumstances, plaintiff's election must be considered to bar all of the matters raised by Paragraph IV of the Complaint other than the transfer question.

*The Equal Employment Opportunity Commission's Failure to Make A Reasonable Cause Determination or to Seek Conciliation in Connection with Plaintiff's Charge Does Not Render the Court Without Subject Matter Jurisdiction of the Complaint.*

Defendant argued at length, both orally and in its Memorandum of Points and Authorities, that the statutory language of Title VII and the legislative history of the Act require both a reasonable cause determination [16] and an attempt to conciliate [17] by the EEOC before notification can be given the charging party under Section 706(e) [18] that a civil action may

---

16. 42 U.S.C. § 2000e–5(a):
    " § 2000e–5. *Enforcement provisions—*
    *  *  *  *  *
    (a) * * * If the Commission shall determine, after such investigation, that there is reasonable cause to believe that the charge is true, the Commission shall endeavor to eliminate any such alleged unlawful employment practice by informal methods of conference, conciliation and pursuasion. * * * "

17. Ibid. This Decision in employing the word "conciliate" includes within its meaning "conference, conciliation, and persuasion."

18. 42 U.S.C. § 2000e–5(e):
    " § 2000e–5. *Enforcement provisions—*
    *  *  *  *  *
    Civil actions for prevention of unlawful practices; * * *
    (e) If within thirty days after a charge is filed with the Commission or within thirty days after expiration of any period of reference under subsection (c) of this section (except that in either case such period may be extended to not more than sixty days upon a determination by the Commission that further efforts to secure voluntary compliance are warranted), the Commission

be initiated and that such action is a prerequisite to this Court's assuming jurisdiction over the subject matter of the action under Section 706(f).[19] Defendant cited several cases interpreting other federal statutes which required strict adherence to the statutory procedures set forth therein [20] and other cases interpreting Title VII which recounted the necessity of complying with the conditions precedent to the instituting of a civil action established by the Act.[21]

The Court recognizes that several decisions interpreting Title VII have indicated that a reasonable cause determination and an attempt to conciliate are prerequisite to the commencement of a civil action.[22] Additionally, defendant relied upon the decisions in Mickel v. South Carolina State Employment Service, 377 F.2d 239 (4th Cir.) cert. den. 389 U.S. 877, 88 S.Ct. 177, 19 L.Ed.2d 166 (1967); Mickel v. South Carolina State Employment Service, 56 L.C. ¶ 9111 (D.S.C. 1968); and Dent v. St. Louis-San Francisco Railway Company, 265 F.Supp. 56 (N.D.Ala.1967), where the Court held:

"[T]he court is firmly of the opinion that conciliation was intended by Congress to be and is a jurisdictional prerequisite to the institution of a civil action under Title VII and that the actions instituted without this prerequisite must accordingly be dismissed."

  *  *  *  *  *  *

"Furthermore, Congress did not lose sight of the unfairness which would result to parties against whom charges are filed if they could be brought into court without the conciliation step, and the courts certainly should not lose

sight of this fact." 265 F.Supp. at 58, 62.

On the other hand, there are a number of Federal District Court decisions which have found that the absence of conciliation does not deprive the court of jurisdiction so long as the plaintiff has properly filed a charge with the EEOC and has received notification from the EEOC pursuant to Section 706(e) authorizing institution of a civil action. See, e. g. Moody v. Albemarle Paper Company, 271 F.Supp. 27 (E.D.N.C.1967); Mondy v. Crown Zellerbach Corporation, supra, 271 F.Supp. 258, 261–264; Quarles v. Philip Morris, Incorporated, 271 F.Supp. 842, 846–847 (E.D.Va.1967); Evenson v. Northwest Airlines, Inc., 268 F.Supp. 29 (E.D.Va.1967).

Extensive legislative history was presented by defendant to establish that reasonable cause determination and attempted conciliation are jurisdictional prerequisites to the present action. After examining all of the cases bearing on this point, and in particular Mondy v. Crown Zellerbach Corporation, 271 F.Supp. 258, 261–264 (E.D.La.1967), the Court has concluded that the legislative history is not as clear as either defendant or plaintiff argue it to be and that either party can select portions of this legislative history which will give some comfort to the position adopted by that party.

While recognizing that the language of Section 706 upon which defendant's statutory argument is partially based does appear to be mandatory in its phraseology, this Court is particularly concerned with the impact of the jurisdictional time limitations established by Cunningham v. Litton Industries, 56 L.C.

---

has been unable to obtain voluntary compliance with this title, the Commission shall so notify the person aggrieved and a civil action may, within thirty days thereafter, be brought against the respondent named in the charge (1) by the person claiming to be aggrieved, or (2) if such charge was filed by a member of the Commission, by any person * * *."

19. See Footnote 5, supra.

20. See Footnote 10, supra.

21. See e. g.: Miller v. International Paper Co., 290 F.Supp. 401 (S.D.Miss.1967); Choate v. Caterpillar Tractor Co., 274 F.Supp. 776 (S.D.Ill.1967); Air Transport Association of America v. Hernandez, 264 F.Supp. 227, 228, 230 (D.D.C. 1967).

22. Ibid.

¶ 9078 (C.D.Cal.1967), appeal pending in the 9th Circuit Court of Appeals, Case No. 22422, if the EEOC is also required to find reasonable cause and attempt conciliation before a civil action may be commenced. The *Cunningham* decision establishes that the plaintiff must institute a civil action in compliance with the time limitations set forth in Title VII. The Charge must be filed with the EEOC within a certain number of days after the alleged act of discrimination occurred (90 days where based upon sex and 210 days where based upon race, color, religion or natural origin). The EEOC must fulfill its statutory functions within 60 days after the Charge is filed. The plaintiff must institute a civil action within 30 days after being notified of his right to do so by the EEOC. Thus, in *Cunningham,* the plaintiff alleged discrimination based upon sex and the suit was dismissed when it was shown that more than 180 days had elapsed between the alleged act of discrimination and the commencement of the civil action. See also, Miller v. International Paper Company, 56 L.C. ¶ 9092 (S.D.Miss.1967). (The EEOC cannot extend or enlarge upon statutory time limitations.)

By requiring that the EEOC complete its processing of a charge within a specified time period and also requiring it to make a reasonable cause determination and an attempt at conciliation during this period, the Court might make it well-nigh impossible for plaintiff to assert a cause of action based upon the provisions of Section 706(f) and (g). It is fairly evident that the EEOC, for one reason or another, has been unable both to comply with the time limitations imposed by Title VII and to fulfill its obligation under the Act to determine reasonable cause and to attempt conciliation. Since the *Cunningham* decision requires adherence to strict standards as to the time limitations imposed by the Act, we cannot at this time insist that a finding of reasonable cause and an attempt to conciliate are also jurisdictional prerequisites.

While to do so would comport with the language of Title VII, it would work unconscionable hardship on the plaintiff.

The Court's conclusion that a finding of reasonable cause and an attempt to conciliate are not jurisdictional prerequisites to the institution of a civil action pursuant to Section 706(f), does not mean that the EEOC may ignore these functions entirely. The Court may well require both a reasonable cause determination and an attempt at conciliation before rendering any decision in a civil action filed without these functions having been fulfilled by the EEOC.

*The Complaint Fails To State a Claim Upon Which Relief Can be Granted in That it Does Not Contain a Plain Statement of the Claim as Required by Rule 8(a) (2) of the Federal Rules of Civil Procedure.*

Rule 8(a) (2) of the Federal Rules of Civil Procedure requires that a complaint set forth "a short and plain statement of the claim".[23] While not necessitating either extensive or technically precise pleadings, Rule 8(a) (2) envisions the presentation of factual allegations of sufficient clarity and certainty to enable defendant to determine the basis of plaintiff's claim and to formulate a responsive pleading.

Paragraphs IV, V and VI of the Complaint contain what must be regarded as the "factual" allegations of unlawful employment practices upon which plaintiff's action is based. These allegations are so vague, confused, indefinite and conclusory that defendant can neither determine the basis of plaintiff's claim nor be regarded as having received fair notice of the grounds upon which the claim rests. In an action somewhat analagous to the present suit, the Court of Appeals in Car-Two, Inc. v. City of Dayton, 357 F.2d 921 (6th Cir. 1966), dismissed the complaint for failure to state a claim upon which relief could be granted stating:

"The district court sustained the motion to dismiss on the ground that appellant had not stated a claim upon

23. See Footnote 4, supra.

which relief could be granted, and had alleged no facts which showed that, on the part of the City and its officials, there had been any unreasonable classification or 'invidious discrimination' to work a denial of equal protection of the law. It is required that a short and plain statement of the claim be set forth showing that the pleader is entitled to relief. Rule 8(a) of the Federal Rules of Civil Procedure. The statement that such conduct is arbitrary and constitutes a denial of due process and equal protection of the law, and a taking of property without just compensation is not enough.

"These statements are conclusions. The complaint must allege facts that show not only discrimination, but invidious discrimination, or unreasonable classification. * * *" 357 F.2d at 921–922.

As in the *Car-Two, Inc.* decision, the plaintiff in the present action has alleged no facts which show the existence of an unlawful employment practice under Title VII of the Civil Rights Act of 1964.

■ Alleging the existence of "a cluster of events involving * * * other matters" of a wholly unspecified nature does not provide a plain statement which gives defendant fair notice of plaintiff's claim and the grounds upon which said claim rests. Other matters involved in the alleged "cluster of events" apparently include the "assignment of dangerous work" of an unspecified nature and "harassing supervisory techniques" of an unspecified nature. These allegations are purely conclusory in nature and do not provide the defendant with even an abbreviated factual summary sufficient to constitute a plain statement of the plaintiff's claim under Rule 8(a) (2).

In Paragraph V plaintiff alleges that defendant assigned her "to dangerous, medically unsound, unsuitable job sites and classifications". These allegations again are conclusory and contain no averments of fact as required by Rule 8(a) (2). There is no indication in the Complaint that plaintiff has ever been as-

signed to a classification other than that of "Plastic Parts Fabricator", what job sites and classifications plaintiff was assigned to, when she was assigned to these job sites and classifications, or in what way they were dangerous, medically unsound and unsuitable. Plaintiff does not even allege in Paragraph V that the conduct referred to therein constituted an unlawful employment practice under Title VII of the Civil Rights Act of 1964.

Paragraph VI alleges that as a result of plaintiff's current work assignment she is suffering "physical damage to her eyes and intestinal system". Plaintiff evidently believes that by alleging that she is suffering physical damage which "flows from the discriminating acts of Defendant" she has made a factual statement which satisfies Rule 8(a) (2). Plaintiff has not alleged facts showing discrimination.

Allegations of the kind appearing in Paragraphs IV, V and VI of plaintiff's Complaint are so vague and generalized that defendant cannot safely prepare responsive pleadings based thereon. See, e. g. Carolina Scenic Stages, Inc. v. Greyhound Corp., 38 F.R.D. 313 (E.D.S.C. 1965). The allegations of the Complaint are both ambiguous and indefinite as to the alleged unlawful employment practices upon which plaintiff is basing her claim and defendant cannot properly or safely prepare a responsive pleading to the Complaint in its present form.

In East Crossroads Center, Inc. v. Mellon-Stuart Company, 245 F.Supp. 191 (W.D.Pa.1965), the court was considering the question of whether an unsuccessful complainant in a state court action had been deprived of his federal constitutional rights. In discussing the function of the complaint, the court stated:

"While it is not required that detailed information be made in a complaint in order to support an action against another party, since all that is required is that notice be given, nevertheless, the complaint should specify the nature of the claim *in a factual summary*. The function of the complaint is to afford fair notice to the adversary of the na-

ture and basis of the claim asserted and a general indication of the type of litigation involved. * * *'" (Emphasis added.) 245 F.Supp. at 192.

The plaintiff in the instant case has provided no such factual summary. Moreover, the averments in the Complaint previously discussed are conclusory in nature and unsupported by factual allegations. In distinguishing the permissible and impermissible use of conclusions under the Federal Rules, the court in *East Crossroads Center, Inc.*, stated:

"Conclusions alone without some averments of fact do not sufficiently give proper notice of a cause of action. * * *

* * * * * *

"So that it does not matter if a pleading sets forth conclusions, if such a complaint is sufficiently definite as to give, on the whole, fair notice to the opposite party of the precise nature of the claim. Mails v. Kansas City Public Service Company, supra [51 F.Supp. 562]; Macleod v. Cohen-Erichs Corporation, 28 F.Supp. 103, 40 Am.Bankr. Rep.N.S. 507 (D.C.N.Y., 1939); Cox v. Kroger Co., supra [9 F.R.D. 78 (D.C. Ill., 1949]. Neither are conclusions of law contained in a complaint objectionable. These may be treated as surplusage if the pleadings set forth sufficient information upon which a claim may be used. Anderson v. Seeman, 252 F.2d 321, C.A. 5, 1958; cert. den. 358 U.S. 820, 79 S.Ct. 32, 3 L.Ed.2d 61; Edwards v. E. I. Du Pont De Nemours & Co., 183 F.2d 165, C.A. 5, 1950; Mails v. Kansas City Public Service Co., supra. In other words, legal conclusions in a pleading must be supported by averments of fact. * * *

* * * * * *

"[T]he plaintiff has stated mere conclusions in its complaint that it was deprived of its constitutional rights in the State courts and this alone does not set forth sufficient notice to support a claim * * *" 245 F.Supp. at 192–194.

The plaintiff in the present action has failed to support the various conclusions set forth therein by averments of fact and thus has not set forth sufficient notice to support a claim.

Again, in In Re Teamoh's Petition, 210 F.Supp. 887 (D.N.J.1962), the court stated:

Treating the papers filed in this Court by petitioner as an application for a writ of habeas corpus, under 28 U.S.C. § 2242, I find such application insufficient upon its face particularly because its allegations are conclusory only and fail to set forth facts from which it may be inferred that petitioner's constitutional rights have been violated. * * *" 210 F.Supp. at 889.

Accord: Halliburton Company v. Norton Drilling Company, 302 F.2d 431, 435 (5th Cir. 1962).

General, nonfactual, allegations of the nature found in plaintiff's Complaint were considered by the District Court for the Southern District of California in Shakespeare v. Wilson, 40 F.R.D. 500, 503–505 (S.D.Cal.1966). The court granted a motion for dismissal for failure to comply with Rule 8(a) (2). The basic moving allegations of the Complaint contained in Paragraphs IV, V and VI constitute a bare averment that plaintiff desires relief without setting forth adequate factual information to provide a basis for this claim under Rule 8(a) (2). Plaintiff, in electing to proceed before this Court in such a conclusory fashion, has not complied with the very liberal requirements of Rule 8(a) (2) and as a result thereof has failed to state a claim upon which relief can be granted. As a result, plaintiff's Complaint must be dismissed under Rule 12(b) (6).[24]

*The Complaint Fails to State a Claim Upon Which Relief Can Be Granted Under Title VII Of The Civil Rights Act of 1964.*

Employer activities prohibited by the Act are specifically outlined in Section

24. See Footnote 2, supra.

703(a)[25]. While the prohibitions are obviously quite broad, it remains clear that not every action of the employer and not every employee discontent is cognizable under Title VII.

The failure of plaintiff to observe Rule 8(a) (2) makes it quite difficult to adequately analyze the Complaint and determine the nature of the claims being presented for purposes of resolving the question of the availability of relief under Title VII. Since a civil action based upon Title VII necessarily presupposes the filing of a Charge with the EEOC and restricts the claims asserted in the civil action to those contained in such Charge, a determination of the availability of a Title VII action can be made in an absolute sense even though the Complaint remains subject to normal objections in the formal pleading sense. A review of the various allegations contained in the Charge demonstrates the absence of any claim upon which relief can be granted under Title VII and such a situation cannot be cured by simply failing to allege any facts in the Complaint.

■ Initially, the Charge refers to plaintiff's transfer from the Downey to the Seal Beach facility of the company's Space Division. Plaintiff complains that she was denied her "procedural rights" under Article XI of the collective bargaining agreement, in that she was not offered the option of taking a lay-off rather than accepting the transfer and continuing to work. Plaintiff's reading of the collective bargaining agreement was incorrect, but even if her assertion as to the appropriate contract procedure had been correct, the matter has been rendered moot by plaintiff's transfer back to the Downey facility on September 17, 1967. In Jenkins v. United Gas Corporation, 261 F.Supp. 762 (E.D.Tex. 1966), after quoting Section 706(g) of the Act, 42 U.S.C. § 2000e–5(g), the court said:

"[C]omparing the above quoted section with the section describing the purpose of the Equal Employment Opportunity Commission as being to obtain 'voluntary compliance' with the statute, it follows that the remedy of the plaintiff is to be freed from the discriminatory practices to which he is subjected. When the discrimination, if any there was, is ended voluntarily by the defendant, either before or subsequent to the filing of a suit in court, then the cause of action, as to the plaintiff individually becomes moot." 261 F.Supp. at 763.

■ The Charge condemns the general safety of the Seal Beach facility with special reference to "[V]entilation, lighting, 50 ton overhead risk, [and] unsafe climbing devices all against state law" and her supervisor's "criminal intent" in connection with such safety matters. It is evident from the Charge that all of the personnel at the Seal Beach facility regardless of their "race, color, religion, sex or national origin" were subject to the same conditions as plaintiff. If hazards of this nature are believed to exist, there are a number of ways in which plaintiff could have sought to have them changed but initiating a Title VII proceeding is not one of the methods available to plaintiff. Conditions allegedly adversely affecting the safety of all employees without distinction or discrimination do not have any impact upon any individual employee because of his or her "race, color, religion, sex or national origin." Under these circumstances, no

---

25. 42 U.S.C. § 2000e–2(a):
   " § 2000e–2. *Unlawful employment practices — Employer practices.*
   (a) It shall be an unlawful employment practice for an employer—
   (1) to fail or refuse to hire or to discharge any individual, or otherwise to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin; or
   (2) to limit, segregate, or classify his employees in any way which would deprive or tend to deprive any individual of employment opportunities or otherwise adversely affect his status as an employee, because of such individual's race, color, religion, sex, or national origin."

violation of Section 703(a) or of Title VII of the Civil Rights Act of 1964 has been or could be alleged.

The final matter referred to in plaintiff's Charge is the question of her suspension. Although all of the previously mentioned matters, other than the transfer question, form a part of the suspension inquiry, plaintiff also alleges improper company action under the collective bargaining agreement in the handling of her suspension. But plaintiff has made an election of forums and remedies concerning the suspension and therefore cannot state a claim for relief under Title VII.

The only remaining matters are the allegations of Paragraphs V and VI of the Complaint which were not made the subject of a Charge before the EEOC. In Paragraph V, plaintiff asserts that the company assigned her to "dangerous, medically unsound, and unsuitable job sites" subsequent to her suspension at the Seal Beach facility. In Paragraph VI, plaintiff asserts that she is suffering "physical damage" as a result of her present employment in building 010, Department 071 at the Downey facility. Plaintiff's pleading of these allegations as the basis for a Title VII action is subject to the same infirmities vitiating the allegations of the general safety conditions at the Seal Beach facility. Plaintiff does not, nor could she, allege that the other employees with whom she works are not required to work under the same conditions as plaintiff. These conditions are applicable both to plaintiff and to her fellow employees regardless of their "race, color, religion, sex, or national origin." No discrimination among employees exists and no cause of action under Title VII has been stated.

Where allegations not cognizable under Title VII are raised, the Court is free only to dismiss the Complaint for failure to state a claim upon which relief can be granted. Thus, in Cooper v. Delta Air Lines, Inc., 274 F.Supp. 781 (E.D.La. 1967), the court dismissed the suit of a former airline stewardess who had been terminated upon her marriage, stating:

"But the absence of legislative intent or the shortage of judicial precedent among the states is no real problem in this case. By reading the act it is plain that Congress did not bann [sic] discrimination in employment due to one's marital status and that is the issue in this case. Delta has a right to employ single females and to refuse to employ married females, and this discretion is in no way limited by the Civil Rights Law from a plain reading of the above quoted sections." 274 F.Supp. at 781. See generally Car-Two, Inc. v. City of Dayton, 357 F.2d 921 (6th Cir. 1966).

In accordance with the foregoing, which shall also constitute findings of fact and conclusions of law, the Court now makes its formal Findings of Fact and Conclusions of Law.

## FINDINGS OF FACT

1. Plaintiff was transferred from defendant's Downey facility to its Seal Beach facility.

2. Plaintiff was suspended for a twenty-seven hour period by defendant.

3. Plaintiff filed a Charge with the EEOC on July 10, 1967, alleging that her transfer and suspension violated Title VII in that they were based upon race and sex.

4. Plaintiff has not filed any complaint with the Cal. FEPC.

5. Plaintiff filed a grievance concerning her suspension under Article IX of the collective bargaining agreement by and between the defendant and the UAW.

6. On September 7, 1967, plaintiff's grievance was settled on the basis that she would be paid her straight-time rate for the twenty-seven hour period she was on suspension.

7. A check representing plaintiff's straight-time rate, less normal deductions, for the twenty-seven hour period in settlement of the grievance was issued to plaintiff and cashed by her on September 15, 1967.

8. Plaintiff was transferred back to defendant's Downey facility on September 17, 1967.

9. The allegations contained in Paragraphs V and VI of plaintiff's Complaint referred to events occurring after the filing of the Charge and after plaintiff's transfer back to the Seal Beach facility, and were unrelated to the alleged unlawful employment practices which were made the subject matter of the Charge.

10. Plaintiff at no time filed a Charge with the EEOC concerning the allegations contained in Paragraphs V and VI of her complaint.

11. The EEOC did not determine that there was reasonable cause to believe that an unlawful employment practice had occurred and did not endeavor to eliminate any such alleged unlawful employment practice by informal methods of conference, conciliation and persuasion.

12. The EEOC notified plaintiff on January 15, 1968 that more than 60 days had elapsed since the filing of her Charge and that she could institute suit in Federal District Court within 30 days.

13. The Complaint was filed on January 19, 1968.

14. The following Conclusions of Law, insofar as they may be considered Findings of Fact, are also found by the Court to be true in all respects. From the foregoing facts, the Court concludes that:

### CONCLUSIONS OF LAW

#### I

An alleged unlawful employment practice which is made the subject matter of an allegation in a Complaint to a Federal District Court must have been the subject of a prior Charge to the EEOC before the Federal District Court can acquire jurisdiction over the subject matter pursuant to Section 706(f) and (g) of the Act.

#### II

The allegations contained in Paragraphs V and VI of the Complaint were not made the subject of a prior Charge to the EEOC, and, therefore, the Court is without subject matter jurisdiction to consider these allegations.

#### III

Section 706(b) of the Act requires that an alleged unlawful employment practice based upon race be made the subject of a complaint to the Cal. FEPC before a charge based upon such alleged discrimination can validly be filed with the EEOC.

#### IV

Where an alleged unlawful employment practice is based upon two grounds, one of which requires utilization of the machinery of the Cal. FEPC under Section 706(b) of the Act, a valid charge cannot be filed with the EEOC as to the ground covered by Section 706(b) until such utilization has taken place. The ground which is not subject to Section 706(b) treatment may be made the basis of an immediate charge to the EEOC.

#### V

Plaintiff's Charge and Complaint alleged the existence of unlawful employment practices based upon race and sex. The racial discrimination allegations were subject to the provisions of Section 706(b) and since plaintiff failed to utilize the machinery of the Cal. FEPC, no valid Charge was filed by plaintiff as to these allegations. The Court is without subject matter jurisdiction of the racial discrimination allegations.

#### VI

By filing a grievance as to her suspension, and by accepting and cashing the check received by her in settlement of this grievance, plaintiff made a binding election of forums and remedies and is therefore barred from seeking relief in this Court.

#### VII

A finding by the EEOC that there is reasonable cause to believe that an unlawful employment practice occurred under Section 706(a) is not a prerequisite to this Court's subject matter jurisdiction under Section 706(f), though such a find-

ing may be a prerequisite to the granting of relief under Section 706(g).

### VIII

The failure of the EEOC to endeavor to eliminate the alleged unlawful employment practice by informal methods of conference, conciliation and persuasion under Section 706(a) is not a prerequisite to this Court's subject matter jurisdiction under Section 706(f), though such an endeavor may be a prerequisite to the grantings of relief under Section 706(g).

### IX

The allegations in plaintiff's Complaint are so vague, confused, indefinite and conclusory that they do not constitute a short and plain statement of the claim as required by Rule 8(a) (2) of the Federal Rules of Civil Procedure and as a result plaintiff has failed to state a claim upon which relief can be granted under Rule 12(b) (6) of the Federal Rules of Civil Procedure.

### X

Plaintiff's allegations concerning her transfer from the Downey facility to the Seal Beach facility were rendered moot by her transfer back to the Downey facility and as a result plaintiff's Complaint fails to state a claim upon which relief can be granted under Title VII of the Civil Rights Act of 1964 upon the issue of said transfer.

### XI

The allegations in plaintiff's Complaint relating to the health and safety conditions at the Seal Beach facility show that such conditions applied to all personnel without distinction or discrimination and even if established would not state claim for which relief could be granted under Title VII of the Civil Rights Act of 1964 upon the issue of said conditions.

### XII

Any Conclusions of Law contained in the Findings of Fact are deemed incorporated herein by reference.

### XIII

There is no genuine issue as to any material fact, the Court is without subject matter jurisdiction of the Complaint and the Complaint fails to state a claim upon which relief can be granted. Accordingly, plaintiff is not entitled to any relief under or by virtue of the Complaint.

### ORDER

By reason of the foregoing Decision, Findings of Fact and Conclusions of Law, IT IS HEREBY ORDERED that Judgment be entered against plaintiff, Earline Edwards, and in favor of defendant, North American Rockwell Corporation, dismissing plaintiff's Complaint and each and every cause of action and claim for relief set forth therein.

Let judgment be entered accordingly