**COLE v. RISS & CO., Inc.**
**Civ. No. 9125.**

United States District Court,
W. D. Missouri, W. D.
Aug. 12, 1954.

Albert Thomson (of Davis, Thomson, Van Dyke & Fairchild), Kansas City, Mo., for plaintiff.

Don M. Jackson (of Gage, Hillix, Moore, Park & Jackson), Kansas City, Mo., for defendant.

WHITTAKER, District Judge.

Defendant, by motion, seeks an order requiring a more definite statement of plaintiff's complaint under Rule 12(e) of Federal Rules of Civil Procedure, Title 28 U.S.C.A.

The real claim of the complaint is quite uncertain and obscure. Plaintiff says, in his argument, that his claim is, and it would appear to be, based upon a loan agreement, made by the parties and attached to the complaint as Exhibit "C", under which the plaintiff, and others (through an agent) loaned to the defendant $15,863.97 to be repaid "in the event an action" (then pending in the state court and duly identified) "shall result in a final judgment adverse to Riss & Company, Inc., and in favor of any of the plaintiffs in said action; or, in the event said action shall result in a final judgment against the plaintiffs and in favor of Riss & Company, Inc., then this loan shall be repayable only to the extent of any net recovery Riss & Company, Inc., may make or obtain from any or all of the said plaintiffs * * * plus such amount, if any, as may equal the difference between $15,863.97 and the amount to which Riss & Company's counterclaim in said action may be reduced by the court or jury or by settlement out of court", and plaintiff asks a judgment against the defendant in the amount of $15,863.97, with interest.

But plaintiff does not allege either that said suit in the state court resulted "in a final judgment adverse to Riss & Company, Inc., and in favor of any of the plaintiffs in said action" or that said action resulted "in a final judgment against the (said) plaintiffs and in favor of Riss & Company, Inc.", when those are the conditions of the contract affecting the matter of whether or not the loan was to be repaid.

I recognize that, under the erroneously-called "notice of suit" practice in the Federal court, very great liberality in pleading is allowed, yet the rules do provide that the complaint "shall contain * * * (2) a short *and plain* statement of the claim showing that the pleader is entitled to relief," (emphasis mine), Rule 8(a)(2), and that "if a pleading to which a responsive pleading is permitted is so vague or ambiguous that a party cannot reasonably be required to frame a responsive pleading, he may move for a more definite statement before interposing his responsive pleading." Rule 12(e).

Of course, these rules were inserted for the purposes they express, and they mean what they say. It is not, therefore, quite true to say that the practice in the Federal court requires only "a notice of suit", especially if, in a case where these rules are not complied with,

the defendant moves, as he does here, for a more definite statement.

 The claim presented in a complaint must be reasonably clear and definite or it will not be "plain", as required by Rule 8(a)(2), Fleming v. Dierks Lumber & Coal Co., D.C.Ark., 39 F. Supp. 237, 240, and it must contain such facts as show "that the pleader is entitled to relief," as required by that rule. It must state some cause of action, even though defectively, otherwise it will not show "that the pleader is entitled to relief," as required by Rule 8(a)(2).

In the light of these rules, I think plaintiff should be required to amend his complaint so that it will contain "a short and *plain* statement of the claim *showing that the pleader is entitled to relief*"—that is to say, whether, if he seeks recovery upon said loan agreement, as he says he does, the suit, in the state court mentioned, resulted "in a final judgment adverse to Riss & Company, Inc., and in favor of any of the plaintiffs in said action", or whether said action resulted "in a final judgment against the (said) plaintiffs and in favor of Riss & Company, Inc.," (the alternatives upon which repayment of the loan was conditioned), so that it will appear, in general at least, what plaintiff's claim is, and so that the complaint will contain "a short and plain statement of the claim showing that the pleader is entitled to relief," as required by Rule 8(a)(2), and so that the defendant may frame a responsive pleading thereto as contemplated by Rule 12(e) of Federal Rules of Civil Procedure.

It is, therefore, Ordered and Adjudged by the Court, that defendant's motion for a more definite statement, to the extent and for the purpose indicated in the foregoing memorandum, should be, and it is hereby, sustained.