**CAR–TWO, INC., Plaintiff-Appellant,**

v.

**CITY OF DAYTON et al., Defendants-Appellees.**

No. 16265.

United States Court of Appeals Sixth Circuit.

March 25, 1966.

Paul H. Granzow and Charles P. Pfarrer, Dayton, Ohio (Turner, Wells, Granzow & Spayd, by Paul H. Granzow, Cowden, Pfarrer, Crew & Becker, by Charles P. Pfarrer, Dayton, Ohio, on the brief), for appellant.

W. Erwin Kilpatrick, Dayton, Ohio (Herbert S. Beane, City Atty., W. Erwin Kilpatrick, Asst. City Atty., Dayton, Ohio, on the brief), for appellees.

Before O'SULLIVAN and PHILLIPS, Circuit Judges, and McALLISTER, Senior Circuit Judge.

PER CURIAM.

In carrying out the objectives of an urban renewal area, designated by the City of Dayton as the "Central Business District Urban Renewal Area," which consists, in part, of the condemnation of more than fifty acres of land in the central business district of the City of Dayton, the City excluded from condemnation thirteen parcels of property.

Appellant owned a parcel of property which was condemned for such area. Appellant filed a complaint against the City and various of its officials, setting forth that the condemnation and action, with regard to the urban renewal area, was arbitrary, unreasonable, and denied appellant due process and equal protection of the law; and asked that appellees be enjoined from acquiring such property for the plan of urban renewal.

The appellees filed a motion to dismiss the complaint because of lack of jurisdiction over the subject matter and failure to state a claim upon which relief could be granted.

The district court sustained the motion to dismiss on the ground that appellant had not stated a claim upon which relief could be granted, and had alleged no facts which showed that, on the part of the City and its officials, there had

been any unreasonable classification or "invidious discrimination" to work a denial of equal protection of the law. It is required that a short and plain statement of the claim be set forth showing that the pleader is entitled to relief. Rule 8(a) of the Federal Rules of Civil Procedure. The statement that such conduct is arbitrary and constitutes a denial of due process and equal protection of the law, and a taking of property without just compensation is not enough.

These statements are conclusions. The complaint must allege facts that show not only discrimination, but invidious discrimination, or unreasonable classification. Accordingly, there was no error in the court's dismissal of the complaint. There is, therefore, no need to pass upon the court's holding with regard to the doctrine of abstention; but it should be stated that in case of further proceedings, we are of the view that it would not be properly invoked.

In accordance with the foregoing, the order of the district court granting appellees' motion to dismiss is affirmed.