Bernard E. KOLL, Appellant,

v.

WAYZATA STATE BANK et al.,
Appellees.

No. 19080.

United States Court of Appeals
Eighth Circuit.

July 5, 1968.

Jerome Daly, Savage, Minn., for appellant.

William E. Falvey, Asst. U. S. Atty., Minneapolis, Minn., for Joyce A. Swan, Federal Reserve Agent, for appellees and filed brief for the Federal Reserve Bank of Minneapolis.

Before MEHAFFY, GIBSON and LAY, Circuit Judges.

LAY, Circuit Judge.

Plaintiff brings this action against the Wayzata State Bank and its officers; the Federal Reserve Bank of Minneapolis, Joyce A. Swan, the "Federal Reserve Agent"; First National Bank of Minneapolis; Northwestern National Bank of Minneapolis; and Eileen Cronk, his former wife; for damages allegedly arising out of a conspiracy to deprive him of "rights, privileges and immunities" secured by the Declaration of Independence, Constitution of the United States and the Constitution of the State of Minnesota. The suit alleges it is for $4,250,000.00. Upon motion to dismiss the complaint for failure to state a claim or for lack of jurisdiction, the trial court without opinion dismissed plaintiff's suit.

Beyond the above description it is impossible from the brief or record to interpret further plaintiff's contentions. The complaint occupies 16 printed pages of disconnected, incoherent and rambling statements. We dismiss for lack of jurisdiction.

Plaintiff is represented by a lawyer, whose unreachable quest is a judicial decree of unconstitutionality of the federal income tax and the federal reserve and monetary system of the United States. See Daly v. United States, 393 F.2d 873 (8 Cir. filed April 11, 1968).[1] Cf. Horne v. Federal Reserve Bank of Minneapolis, 344 F.2d 725 (8 Cir. 1965). The present complaint could have been dismissed for failure to comply with Fed.R.Civ.P. 8(a) and 8(e) (1) [2] in that it is "confusing, ambiguous, redundant, vague" and a completely unintelligible statement of argumentative fact. See Wallach v. City of Pagedale, Mo., 359 F.2d 57 (8 Cir. 1966) and Wallach v. City of Pagedale, 376 F.2d 671 (8 Cir. 1967). At best the complaint represents a euphoric harassment of bank officials, lawyers and federal courts. It is difficult to accept that the complaint has been drafted by a person licensed to practice law. To demonstrate the muddled allegations we briefly summarize from the complaint in plaintiff's language:

II. "Congress * * * have treasonably surrendered * * * control over this power of coining and creating the Nation's credit and currency by an unlawful delegation * * * to * * * the Defendants * * * who are dominated and controlled by a small oligarchy of foreign and domestic financiers. * * * Federal Reserve Notes which are not redeemable in either gold or silver coin and are passed out for use by the general public for purposes of swindle, fraud, theft and forgery by the said Defendants."

---

1. According to defendants' brief, three similar cases based upon the same contentions have been filed and dismissed on summary judgment motions of the defendants in the Minnesota District Court.

2. Fed.R.Civ.P. 8(a):
 "Claims for Relief. A pleading which sets forth a claim for relief, whether an original claim, counterclaim, cross-claim, or third-party claim, shall contain (1) a short and plain statement of the grounds upon which the court's jurisdiction depends, unless the court already has jurisdiction and the claim needs no new grounds of jurisdiction to support it, (2) a short and plain statement of the claim showing that the pleader is entitled to relief, and (3) a demand for judgment for the relief to which he deems himself entitled. Relief in the alternative or of several different types may be demanded."
 Fed.R.Civ.P. 8(e) (1):
 "Pleading to be Concise and Direct; Consistency.
 "(1) Each averment of a pleading shall be simple, concise, and direct. No technical forms of pleading or motions are required."

III. "This suit is brought pursuant to, and for a violation of the following provisions:

"U.S. Constitution, Article 1, Section 8, Clause 5: 'The Congress shall have the power to coin money, regulate the value thereof and of foreign coin.'

"U.S.C.A., Article 1, Section 10— 'No state shall coin money. * * *'"

and several sections of the Minnesota Constitution and statutes relating to banking, slavery, due process, government, double jeopardy, self-incrimination, bail and habeas corpus.

IV. The plaintiff is in the insecticide business and has built up in 15 years valuable good will.

V. Plaintiff and defendant Cronk were married on May 4, 1956 and have three children; that the defendant Wayzata State Bank has a mortgage on personal property of plaintiff for $6,000.00. The mortgage is void; the bank has created money and credit by bookkeeping entry and passed Federal Reserve Notes.

VI. That defendant Cronk, plaintiff's wife, knows the bank directors and is in "an unlawful combination" with them. She obtained a divorce in December 1966.

VII. All defendants formed a conspiracy to deprive plaintiff of his rights, property and liberty. This was accomplished by two false imprisonments, the first resulting in an imprisonment for 42 days and the second for 180 days. Both sentences were issued by the Hennepin District Court. This imprisonment is in some way (unexplained) related to a $11,000.00 judgment obtained by plaintiff's wife in the divorce action.

VIII. The above conduct deprived plaintiff of the use of $70,000.00 of his property, because of conduct of defendants not ascertainable at this time.

IX. That defendants have agreed to use unlawful Federal Reserve Notes not redeemable in gold or silver coin to obtain false imprisonment and deprivation of plaintiff's rights and immunities under state law.

X. That all national and federal reserve banks are correspondent banks.

XI. The United States Government does not own any stock in any of the banks and therefore has abdicated its control to private individuals by allowing them to create bookkeeping entries to create money; that such constitutes a common law conspiracy under Minnesota Criminal Statute 609.-175; that all monies and properties held by the banks equitably belong to the people since the banks are constructive trustees of the Government.

XII. That the defendant banks pay for Federal Reserve Notes only the cost of the printing. The attempted loan to the plaintiff violates the usury and forgery laws of Minnesota; that after income taxes plaintiff is flat broke; that the Federal Reserve Bank is exempt from taxation, 12 U.S.C. § 531.

XIII. Defendants hold a substantial sum of United States and state securities including their subdivisions.

XIV. Plaintiff is discriminated against because he cannot buy the Federal Reserve Notes for cost as the defendant banks do; he is not permitted to redeem Notes for gold or silver coins as aliens do. That the gold in Ft. Knox is being feloniously transferred to New York where aliens are transporting it out of the jurisdiction of the United States; that this is a continuing and mounting theft.

■ We have briefly detailed this summary to demonstrate the total obfuscation of the pleading. It is impossible for any party or court to understand plaintiff's alleged claim or damage. No responsive pleading could intelligently be filed by defendants. Cf. Cole v. Riss & Co., 16 F.R.D. 116 (W.D.Mo.1954); Wallach v. City of Pagedale, Mo., 359 F.2d 57 (8 Cir. 1966). We, therefore, conclude the complaint should have been

stricken for failure to comply with Fed. R.Civ.P. 8(a) and 8(e). See Legg v. United States, 353 F.2d 534 (9 Cir. 1965); Car-Two, Inc. v. City of Dayton, 357 F.2d 921 (6 Cir. 1966). However, if this were the sole basis of the lower court's dismissal, the court should have allowed plaintiff sufficient time to amend and plead in compliance with the rules. The lower court did not specify upon which ground or grounds of defendants' motion to dismiss it was relying. We do not assume, in absence of an order giving leave to amend, that the complaint was dismissed under Fed.R.Civ.P. 8(a). In any event, it would be improper for us to affirm dismissal under Fed.R.Civ.P. 8. Cf. Klebanow v. New York Produce Exchange, 344 F.2d 294 (2 Cir. 1965). And it is clear that a dismissal under Fed.R.Civ.P. 8 would not be an appealable order since it would be lacking finality. Dann v. Studebaker-Packard Corporation, 253 F.2d 28 (6 Cir. 1958).

 We affirm dismissal since the complaint fails to establish any grounds for federal jurisdiction. The federal courts are courts of limited jurisdiction. Essential to jurisdiction must be a stated "case or controversy." This must be disclosed by the plaintiff's complaint. The only complaint we can glean from the pleading filed is plaintiff's dissatisfaction with the monetary system of the United States of America. But a party cannot seek advisory opinions of the court on constitutional issues without some direct relation or damage involved. Cf. Flast v. Cohen, 392 U.S. 83, 88 S. Ct. 1942, 20 L.Ed.2d 947 (June 10, 1968).

 Plaintiff does not assert, nor could he, federal jurisdiction under 28 U.S.C. § 1331 or § 1391. Plaintiff has not shown that his damage "arises under" federal law or the United States' Constitution. Cf. Pan Am. Petroleum Corp. v. Superior Court, 366 U.S. 656, 81 S.Ct. 1303, 6 L.Ed.2d 584 (1961). He relies upon Minnesota law as the basis of an alleged conspiracy. He premises that conspiracy only indirectly upon construction of the Constitution of the United States and totally avoids any allegation of fact tending to show the existence of a federal question. Cf. Givens v. Moll, 177 F.2d 765 (5 Cir. 1949); Seeley v. Brotherhood of Painters, Decorators and Paper Hangers of America, 308 F.2d 52 (5 Cir. 1962). One might again struggle with the complaint to say that under Bell v. Hood, 327 U.S. 678, 66 S.Ct. 773, 90 L.Ed. 939 (1946), plaintiff has attempted to assert a federal question. But the complaint is so unintelligible to allow even this conclusion. Jurisdiction must affirmatively appear clearly and distinctly. International Ass'n of Machinist v. Central Airlines, Inc., 295 F. 2d 209 (5 Cir. 1961). A mere "suggestion" of a federal question is not sufficient. Stanturf v. Sipes, 335 F.2d 224 (8 Cir. 1964); Martin v. Graybar Electric Co., 285 F.2d 619 (7 Cir. 1961). It must be real and substantial, not conjectural; Gardner v. Schaffer, 120 F.2d 840 (8 Cir. 1941); and must relate to substance not form; Regents of New Mexico College of Agriculture & Mechanic Arts v. Albuquerque Broadcasting Co., 158 F.2d 900 (10 Cir. 1947).

Plaintiff does not plead diversity of citizenship of the parties to establish jurisdiction under 28 U.S.C. § 1331. At best plaintiff's case sounds in tort, and as such must fail for lack of diversity of citizenship. Even the defendant Federal Reserve Bank assumes the citizenship of the state in which it resides, which is plaintiff's citizenship, to-wit, Minnesota. See 28 U.S.C. § 1348.

The last possible jurisdictional basis that we can decipher is that plaintiff seeks some relief under 28 U.S.C. § 1343 or § 1391 for violation of his civil rights. However, there is no intelligible claim that plaintiff was damaged by any one acting "under color" of state law, and within the most liberal interpretation of the civil rights cases he does not allege a proper jurisdictional bases here. See Screws v. United States, 325 U.S. 91, 142, 65 S.Ct. 1031, 89 L.Ed. 1495 (1945); Wallach v. Cannon, 357 F.2d 557 (8 Cir. 1966); McGuire v. Todd,

198 F.2d 60 (5 Cir. 1952) cert. denied 344 U.S. 835, 73 S.Ct. 44, 97 L.Ed. 649 (1952); Moffett v. Commerce Trust Co., 187 F.2d 242 (8 Cir. 1951).

Judgment affirmed.