**Application of Robert MATHERSON and the Oak Beach Inn Corp., Plaintiffs,**

v.

**The LONG ISLAND STATE PARK COMMISSION and the Jones Beach Parkway Authority, Defendants.**

No. 70–C–534.

United States District Court,
E. D. New York.

May 15, 1970.

Keenan & Powers, Brooklyn, N. Y., for plaintiffs; Arthur J. Powers, Brooklyn, N. Y., of counsel.

Louis J. Lefkowitz, Atty. Gen., State of N. Y., for defendants; Philip Kahaner, Asst. Atty. Gen., of counsel.

BRUCHHAUSEN, District Judge.

Upon the complaint herein filed on the 24th day of April, 1970, together with the petition of the plaintiff, Robert Matherson, this Court ordered the defendants to show cause on the 30th day of April, 1970, why a preliminary injunction should not issue herein, enjoining the defendants and their agents from interfering with the operation of the plaintiff's business, and, specifically, that they cease and desist from harassing patrons seeking access to their Inn. The order included a provision, restraining the defendants and their agents from interfering with the plaintiff in the lawful operation of his business, pending the determination of the jurisdictional issue, raised by the defendants.

By Notice of Motion, dated April 27, 1970, returnable on April 30, 1970, the defendants applied for an order, dismissing the complaint for lack of jurisdiction over the subject matter of the complaint and the defendants and upon other grounds.

On April 30, 1970, the plaintiffs filed an amended complaint.

The plaintiffs claim Federal jurisdiction upon the following specified grounds, viz:

1. That they have been discriminated against and harassed by the acts of the defendants which acts have interfered with their business and have violated their rights under the Fourteenth Amendment of the Constitution of the United States, which enjoins abridgement of citizens' rights without due process of law.

2. That they have been denied rights accorded to them under 28 U.S.C. § 1331, i. e., rights accorded to them under the Constitution and laws of the United States.

In summary, the plaintiffs assert that the aforesaid discrimination and harassment have resulted in violating their rights to due process.

On the 30th day of April, 1970, the Court heard oral arguments upon the issue of Federal jurisdiction and received briefs on the subject.

In Car-Two, Inc. v. City of Dayton, 357 F.2d 921, Cir. 6 (1966), the Court stated:

"It is required that a short and plain statement of the claim be set forth showing that the pleader is entitled to relief. Rule 8(a) of the Federal Rules of Civil Procedure. The statement that such conduct is arbitrary and constitutes a denial of due process and equal protection of the law, and a taking of property without just compensation is not enough."

See also Pan Am. Petroleum Corp. v. Superior Court, 366 U.S. 656, 663, 81 S.Ct. 1303, 6 L.Ed.2d 584 and Koll v. Wayzata State Bank, 8 Cir., 397 F.2d 124.

It is clear that the plaintiffs have not met the requirements of the said rule.

The defendants' contention that they are immune from Federal Court suits is amply supported.

The plaintiffs, in their complaint, amended complaint and brief, admit that the defendants are agencies of the State.

O'Neill v. Early, 208 F.2d 286, Cir. 4 (1953) and a number of authorities, cited therein, hold that a suit against an agency of the State is a suit against the State.

In Clark v. State of Washington, 366 F.2d 678 (1966), the Court stated:

"It has been established since Hans v. Louisiana, 134 U.S. 1, 10 S.Ct. 504, 33 L.Ed. 842, that a state is immune from federal court suits brought by its own citizens as well as by citizens of another state. This immunity is not affected by the fact that the case may be one arising under the Constitution or laws of the United States. Parden et al. v. Terminal Railway of Alabama State Docks Dept. et al., 377 U.S. 184, 186, 84 S.Ct. 1207, 12 L.Ed. 2d 233."

Upon due deliberation, it is ordered that the complaint and the amended complaint be and they hereby are dismissed and it is further ordered that the said restraining order be and the same hereby is vacated.