HARVEY W. SYRING, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Syring v. Commissioner
Docket No. 4093-78.
United States Tax Court
T.C. Memo 1978-419; 1978 Tax Ct. Memo LEXIS 96; 37 T.C.M. (CCH) 1738; T.C.M. (RIA) 78419; October 18, 1978, Filed Harvey W. Syring, pro se. Kevin M. Bagley, for the respondent. DAWSON
MEMORANDUM OPINION DAWSON, Judge: This motion was assigned to and heard by Special Trial Judge Fred S. Gilbert, Jr. The Court agrees with and adopts his opinion which is set forth below. [1]
OPINION OF THE SPECIAL TRIAL JUDGE GILBERT, Special Trial Judge: This case is before the Court on respondent's motion for summary judgment, pursuant to Rule 121, Tax Court Rules of Practice and Procedure, on the grounds that *97 the deficiency in tax is due upon the basis of uncontested facts stated in petitioner's Federal income tax return for the year 1976, a copy of which was attached as Exhibit A to the motion. The petitioner filed a Notice of Objection to the respondent's motion, and a Memorandum in support of the respondent's motion was filed.This motion was set for a hearing, but no appearance was made on behalf of petitioner. Opinion herein is, therefore, based upon the written statements of position filed by the parties. Respondent determined a deficiency in petitioner's Federal income tax for the year 1976 in the amount of $ 151.05, because of the failure of the petitioner to report a tax due in that amount upon the $ 1,912.08 of self-employment income shown on his tax return, under section 1401 of the Internal Revenue Code of 1954, as amended (hereinafter referred to as the Code). There is no dispute as to the facts. The only contentions advanced by the petitioner in opposition to the proposed assessment are that the Social Security system is unconstitutional, that there is no constitutional authority to tax for Social Security purposes, and that he did not make any *98 money as defined in the Constitution. Thus, the only questions for decision are whether the tax imposed by section 1401 of the Code is authorized by the Constitution of as income were actually legal tender under the Constitution. At the time the petition herein was filed, the petitioner the United States and whether the dollars received by petitioner resided in Sidney, Montana. The respondent's motion must be granted since there is no genuine issue as to any material fact and a decision in respondent's favor is called for as a matter of law. Rule 121, Tax Court Rules of Practice and Procedure; Anthony v. Commissioner,66 T.C. 367, 368 (1976). The law on the questions in issue is so well settled that no extended discussion is necessary. The petitioner argues, in effect, that the "general welfare clause" of Article I, section 8, of the Constitution, does not specifically enumerate the power to tax for Social Security purposes and that the Social Security system is un-constitutional, as being a form of socialism. The Supreme Court of the United States has addressed this point in the case of Helvering v. Davis,301 U.S. 619 (1937), in which *99 the Court held that the tax imposed for Social Security purposes is constitutional. It held that the tax on the employer is an excise tax and that the tax on the employee is an income tax. Justice Cardozo, speaking for the Court, stated as follows (p. 640): Congress may spend money in aid of the "general welfare." Constitution, Art. I, section 8; United States v. Butler,297 U.S. 1, 65; Steward Machine Co. v. Davis,supra [301 U.S. 548]. There have been great statesmen in our history who have stood for other views. We will not resurrect the contest. It is now settled by decision. United States v. Butler,supra.The conception of the spending power advocated by Hamilton and strongly reinforced by Story has prevailed over that of Madison, which has not been lacking in adherents. * * * The constitutionality of section 1401 of the Code, which imposes the self-employment tax, was upheld as an additional income tax, specifically imposed upon income derived from self-employment. See Cain v. United States,211 F.2d 375, 378 (5th Cir. 1954), cert. den. 347 U.S. 1013 (1954). Since the Sixteenth Amendment *100 to the Constitution expressly authorizes the Congress to tax income from whatever source derived, it is a direct refutation of the implied contention of the petitioner that there is no explicit constitutional authority for imposing the self-employment tax upon him. Section 1401, considered very recently in Abrahamson v. Commissioner,T.C. Memo. 1978-26, was held to be constitutional by this Court. See also Palmer v. Commissioner,52 T.C. 310 (1969). By contending that he did not make "any money, as defined in the Constitution", the petitioner is attacking the legality of the monetary system of the United States as adopted by the Congress. The essence of his argument is, apparently, that, since he was not paid in gold or silver coin, he never received any money or dollars and, therefore, had no income that could be subjected to the tax. Since the Congress clearly has the power to determine what shall constitute legal tender or money, the contention that the receipt of gold and silver coin is the only income that can be taxed is clearly without any foundation. See United States v. Daly,481 F.2d 28 (8th Cir. 1973), cert. den. *101 414 U.S. 1064 (1973); United States v. Porth,426 F.2d 519 (10th Cir. 1970), cert. den. 400 U.S. 824 (1970); Hartman v. Switzer,376 F.Supp. 486 (W.D. Pa. 1974); Gajewski v. Commissioner,67 T.C. 181 (1976). The following statement by the Court in United States v. Daly,supra at 30, is equally applicable to the contention of the petitioner in the present case: Defendant's fourth contention involves his seemingly incessant attack against the federal reserve and monetary system of the United States. His apparent thesis is that the only "Legal Tender Dollars" are those which contain a mixture of gold and silver and that only those dollars may be constitutionally taxed. This contention is clearly frivolous. See Koll v. Wayzata State Bank,397 F.2d 124 (8th Cir. 1968). Therefore, since there is no genuine issue as to any material fact and there is no merit in the positions taken by the petitioner, we sustain respondent's determination. Accordingly, respondent's motion for summary judgment will be granted. An order and decision will be entered
Footnotes
1. Since this is a pre-trial motion and there are no issues of material fact, the Court has concluded that the post-trial procedures of Rule 182, Tax Court Rules of Practice and Procedure↩, are not applicable in this particular circumstance, under the authority of the "otherwise provided" language of that rule.