CILCO, INC., Plaintiff,

v.

PRECISION–COSMET, INC., Defendant.

No. 3–84 CIV 1517.

United States District Court,
D. Minnesota,
Third Division.

April 9, 1985.

Bassford, Heckt, Lockhart & Mullin by Lynn G. Truesdale and Kevin P. Keenan, Minneapolis, Minn., for plaintiff.

Merchant, Gould, Smith, Edell, Welter & Schmidt by Alan G. Carlson, Minneapolis, Minn., for defendant.

## MEMORANDUM ORDER

ALSOP, Chief Judge.

The above-entitled matter came on for hearing before the undersigned on March 8, 1985. Plaintiff Cilco moves this court for an order joining Dr. Ronald P. Jensen and James G. Fetz as involuntary plaintiffs in this action. Defendant Precision-Cosmet moves this court for an order dismissing this action pursuant to Fed.R.Civ.P. 12(b)(1) and 12(b)(6) for lack of justiciable controversy or for an order staying this action until related, pending litigation in California is completed.

On November 30, 1976, Jensen and Fetz were issued United States patent No. 3,997,027 (027 patent) by the United States Patent Office. Jensen and Fetz assigned their interests in the 027 patent to Cilco. On August 1, 1978, Jensen and Fetz were issued United States Patent No. 4,104,339 (339 patent) by the United States Patent Office. Jensen assigned his interest in the 339 patent to Cilco. Fetz has retained his one-half interest in the 339 patent. The assignments provide that the patents revert back to Jensen and Fetz if Cilco fails to make required payments to them.

In July, 1981, Jensen and Fetz brought suit against Cilco in the United States District Court for the Central District of California, Case No. CV 81–3392–LTL. In California, Jensen and Fetz allege that the 027 and 339 patents are valid, that Cilco is manufacturing within the patents, and that Cilco is contractually liable to make payments to them pursuant to the assignments of the patents. Cilco's position in the California litigation is that the 027 and 339 patents are invalid or, in the alternative, if the patents are valid, then it is manufacturing outside of the patents.

In October, 1984, Cilco brought this action against Precision-Cosmet, Jensen and Fetz. Cilco alleges that the patents are invalid or, in the alternative, if the patents are valid, then Precision-Cosmet is infringing upon them. Precision-Cosmet also asserts that the patents are invalid, but in the alternative, if the patents are valid,

then it asserts that it is not infringing upon them. Pursuant to a stipulation and order dated December 26, 1984 and found in the Clerk of Court's file at Docket Entry 7, Jensen and Fetz were dismissed from this action without prejudice because the court does not have personal jurisdiction over them.

The first issue before the court is whether Jensen and Fetz should be joined as involuntary plaintiffs in this case. Fed.R. Civ.P. 19(a) provides:

A person who is subject to service of process and whose joinder will not deprive the court of jurisdiction over the subject matter of the action shall be joined as a party in the action if (1) in his absence complete relief cannot be accorded among those already parties, or (2) he claims an interest relating to the subject of the action and is so situated that the disposition of the action in his absence may (i) as a practical matter impair or impede his ability to protect that interest or (ii) leave any of the persons already parties subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations by reason of his claimed interest. If he has not been so joined, the court shall order that he be made a party. *If he should join as a plaintiff but refuses to do so, he may be made a defendant, or, in a proper case, an involuntary plaintiff.* If the joined party objects to venue and his joinder would render the venue of the action improper, he shall be dismissed from the action.

(Emphasis added.) The seminal decision on the involuntary plaintiff procedure in *Independent Wireless Telegraph Company v. Radio Corporation of America*, 269 U.S. 459, 46 S.Ct. 166, 70 L.Ed. 357 (1926). The plaintiff in *Independent Wireless* was an exclusive patent licensee. Since he was not an assignee, he was unable to sue the alleged infringer in either his own name or the name of the patent owner. The plaintiff therefore included the patent owner as an involuntary plaintiff. The district court dismissed plaintiff's "bill" because the patent owner was an indispensible party, but

was outside the jurisdiction of the court. The Second Circuit Court of Appeals reversed the district court, holding that the patent owner was properly made a co-plaintiff. *Id.* at 462–63, 46 S.Ct. at 167–68. The United States Supreme Court approved this procedure and held that:

... the owner of a patent who grants to another the exclusive right to make, use or vend the invention, which does not constitute a statutory assignment, holds the title to the patent in trust for such a licensee, to the extent that he must allow the use of his name as plaintiff in any action brought at the instance of the licensee in law or in equity to obtain damages for the injury to his exclusive right by an infringer or to enjoin infringement of it.

*Id.* at 469, 46 S.Ct. at 169. The Court went on to state:

The owner beyond the reach of process may be made co-plaintiff by the licensee, but not until after he has been requested to become such voluntarily. If he declines to take any part in the case, though he knows of its imminent pendency and of his obligation to join, he will be bound by the decree which follows.

*Id.* at 473, 46 S.Ct. at 171.

The involuntary plaintiff procedure was essentially codified in the third sentence of Fed.R.Civ.P. 19(a) and was not changed by the 1966 amendment. *See* 7 C. Wright, A. Miller and E. Cooper, *Federal Practice and Procedure* § 1606, at 49 (1972). As plaintiff's counsel correctly pointed out, to determine the scope of the involuntary plaintiff procedure, the court must look to the reasoning of the Supreme Court in *Independent Wireless*. It is clear that an absentee party may be made an involuntary plaintiff only if (1) he is beyond the jurisdiction of the court, (2) he is notified of the action, and (3) he refuses to join the action. 269 U.S. at 473. If these three conditions are met in a particular case, the court must then determine if it is, in the language of Rule 19(a), a "proper case" to invoke the involuntary plaintiff procedure.

Rule 19(a) is unclear on what constitutes a "proper case," however, the Advisory Committee Note to the rule indicates the *Independent Wireless* is an example of a proper case.

In the case presently before the court, the parties agree that Jensen and Fetz are beyond the jurisdiction of the court, that they have both been notified of the case, and that they both refuse to join the case. Therefore, the remaining inquiry for the court is to determine if this is a proper case to invoke the involuntary plaintiff procedure.

■ This is not a proper case to invoke the involuntary plaintiff procedure. The factors present in *Independent Wireless* are not present in this case. In *Independent Wireless*, the patent owner had granted a license to the plaintiff and the plaintiff was therefore unable to bring suit in his own name to protect the patent and his interest. In the present case, Cilco has an assignment of all rights in the 027 patent and an assignment of all of Jensen's rights in the 339 patent. Cilco can thus maintain a suit on the 027 patent in its own name. With regards to the 339 patent, any suit must be brought by both Cilco and Fetz, however, the courts have uniformly refused to invoke the involuntary plaintiff procedure to make a co-owner of a patent an involuntary plaintiff. 7 C. Wright & A. Miller, *supra*, § 1606, at 57–58.

In *Independent Wireless*, the interests of the patent owner and licensee were consistent; both asserted that the patent was valid. In the present case, Cilco is asking for a declaratory judgment on the validity of the patents and, if the patents are found to be valid, for damages from Precision-Cosmet for infringement. It is the position of Cilco, however, that the patents are invalid. It must be noted that Cilco's position in this case is consistent with its position in the California litigation. On the other hand, Jensen and Fetz assert that the patents are valid. It would be inequitable to require Jensen and Fetz to be joined as plaintiffs with Cilco when their position on validity is inconsistent with Cilco. Cilco is essentially searching for a party to assert the validity of these two patents in this case. It would be unjust for this court to aid in this quest by joining Jensen and Fetz.

This view of the case is consistent with that of the only similar reported case the court found in its research. In *Philadelphia Brief Case Co. v. Specialty Leather Products*, 145 F.Supp. 425 (D.N.J.1956), *aff'd*, 242 F.2d 511 (3rd Cir.1957), the plaintiff licensee attempted to join the patent owner in a suit against an alleged infringer. The court found, however, that the plaintiff's purpose in the suit was to defeat the patent to avoid paying royalty payments to the patent owner. The positions of the plaintiff and the patent owner, therefore, were adverse. The district court held that it would be unjust to make the patent owner an involuntary plaintiff under these circumstances. 145 F.Supp. at 429.

Based upon the reasoning of the Supreme Court in *Independent Wireless* and the district court in *Philadelphia Brief Case Co.*, this court concludes that this is not a proper case to invoke the involuntary plaintiff procedure, and Jensen and Fetz will not be joined as involuntary plaintiffs.

The second issue before the court is whether this case should be dismissed pursuant to Fed.R.Civ.P. 12(b)(1) and 12(b)(6) for lack of a justiciable controversy or stayed until related, pending litigation in California is completed. The court will turn first to the dismissal issue.

■ A threshold inquiry of any suit in federal court is whether the plaintiff has alleged a case or controversy within the meaning of Article III of the United States Constitution. The court's inquiry is whether the allegations of the parties present a real and substantial controversy between parties with adverse legal interests. *Babbitt v. United Farm Workers National Union*, 442 U.S. 289, 298, 99 S.Ct. 2301, 2308, 60 L.Ed.2d 895 (1979). Within the context of a declaratory judgment, the Supreme Court instructs:

[B]asically, the question in each case is whether the facts alleged, under all the circumstances, show that there is a substantial controversy, between parties having adverse legal interests, of sufficient immediacy and reality to warrant the issuance of a declaratory judgment. *Maryland Casualty Co. v. Pacific Coal & Oil Co.*, 312 U.S. 270, 273, 61 S.Ct. 510, 512, 85 L.Ed. 826 (1941). Finally, the Supreme Court instructs that there is no case or controversy within the meaning of Article III of the United States Constitution when the parties desire precisely the same result. *Moore v. Charlotte-Mecklenburg Board of Education*, 402 U.S. 47, 48, 91 S.Ct. 1292, 1293, 28 L.Ed.2d 590 (1971).

■ With these principles in mind, the court turns to the present case. A justiciable case or controversy must be disclosed by plaintiff's complaint. *Koll v. Wayzata State Bank*, 397 F.2d 124, 127 (8th Cir. 1968). Cilco's complaint consists of two counts.

In Count I, Cilco does not allege that the patents are valid. Rather, Cilco directs the court to the California litigation regarding these patents which puts their validity at issue. In that litigation, however, Cilco is asserting that the patents are invalid. It has been Cilco's position in this court, as well, that the two patents are invalid. While Precision-Cosmet has not yet submitted an Answer in this case, its position has always been that the patents are invalid. It is clear that Cilco initially named Jensen and Fetz as defendants and has now attempted to have them named as involuntary plaintiffs in order to have a litigant to assert the validity of the patents. As indicated above, however, Jensen and Fetz cannot be properly joined in this case.

■ In Count II, Cilco alleges that Precision-Cosmet is infringing on the two patents. Count II is thus dependent on a finding in Count I that the patents are valid. By implication at least, Cilco's position in Count II is also inconsistent with its position in Count I. Inconsistent pleadings are permitted under the Federal Rules of Civil Procedure. *See* Fed.R.Civ.P. 8(e).

However, since the court has determined that Count I fails to state a case or controversy between these litigants and, since Count II is dependent on the resolution of Count I, Count II must also be dismissed. Precision-Cosmet cannot infringe a patent unless it is valid and neither of these parties assert that the patent is valid. Therefore, this court concludes that Cilco's complaint must be dismissed pursuant to Fed. R.Civ.P. 12(b)(1) and 12(b)(6) for failing to state a justiciable controversy within the meaning of Article III of the United States Constitution. Having reached this conclusion, the court need not consider defendant's motion for a stay of this action.

Based upon the record as it is presently constituted, the arguments of counsel, the memoranda of law that have been submitted by the parties and by Jensen and Fetz, the foregoing discussion, and all files and records herein, the court makes the following order.

IT IS ORDERED:

1. That the motion of plaintiff for an order joining Dr. Ronald P. Jensen and James G. Fetz as involuntary plaintiffs be and the same hereby is in all things denied.

2. That the motion of defendant for an order dismissing this action be and the same hereby is in all things granted.

3. That the clerk of court enter judgment as follows:

IT IS ORDERED, ADJUDGED AND DECREED That plaintiff's complaint is dismissed without prejudice.